James O. EVRARD, Plaintiff-Respondent,

v.

David JACOBSON, Defendant-Appellant.†

Court of Appeals

*No. 82–1772. Submitted on briefs October 10, 1983.—*
*Decided December 27, 1983.*
(Also reported in 342 N.W.2d 788.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Richard J. Boyd,* assistant attorney general.

For the respondent the cause was submitted by *Benson & Taylor* and *James H. Taylor* of Siren.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   David Jacobson, a district director of the Wisconsin Department of National Resources, appeals a judgment holding him liable for discharging James Evrard, a former DNR employee, and for the emotional distress he caused Evrard.  The case was tried twice.  The first jury returned a verdict awarding Evrard $60,000.  After the trial court ordered a new trial on

damages, the second jury awarded $75,000. We conclude that Evrard has no cause of action against Jacobson for his discharge and that he has failed to establish any of the elements of a cause of action for intentional infliction of emotional distress. We therefore reverse the judgment and remand this matter to the trial court with directions to enter judgment for Jacobson dismissing Evrard's complaint.

Jacobson dismissed Evrard for his alleged failure to adequately supervise a Youth Conservation Corps camp at Crex Meadows in Burnett County. Jacobson had received reports that DNR employees started work an hour late, took frequent breaks in the field, and stole food and coffee intended for YCC campers. He also heard that campers were assigned meaningless busy work and that their safety was jeopardized. He was told that a male counsellor had on one occasion become "too familiar" with a female counsellor, and that the same male counsellor had a nonconsensual sexual contact with a minor camper. Although Evrard reprimanded the counsellor, he never reported the matter to his supervisors.

After conducting an investigation, Jacobson conferred with his supervisors and a determination was made that Evrard be offered a choice of resignation or discharge. When he was summoned to Jacobson's office, Evrard expected only a reprimand or suspension. Upon being faced with the choice of resignation or discharge, Evrard felt faint and for the rest of the meeting appeared very upset and confused. In the course of the discussion, Jacobson voiced his belief that Evrard could be charged as a party to a sexual offense for his failure to report the sexual contact between the counsellor and the camper. After changing his mind several times, Evrard finally signed a letter of resignation.

Evrard testified that following his forced resignation, he went home and for months was more or less depressed.

The first month was the worst, but even at the time of trial, he occasionally had trouble sleeping. Evrard, however, sought medical attention only on the day following his resignation, when he went to a family practitioner. He never returned to that clinic, never saw a psychiatrist, and never received any prescription medications. Evrard testified that he believed his discharge stemmed from professional disagreements with Jacobson and from Evrard's seeking a job reclassification. Evrard also testified that he thought the DNR officials had given poor recommendations of him to prospective employers.

Even if Jacobson could be held liable as an individual for discharging Evrard, reinstatement with back pay is the only relief Evrard would be entitled to. *See Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 575, 335 N.W.2d 834, 841 (1983). While this action was pending, the personnel commission ordered Evrard's reinstatement with back pay. Because Evrard has obtained all the relief to which he is entitled, his wrongful discharge action is moot. *See Look v. Zignego Contractors, Inc.,* 47 Wis. 2d 197, 199, 177 N.W.2d 127, 128 (1970).

Evrard failed to prove his cause of action for emotional distress. The evidence, viewed in a light most favorable to Evrard, *see Krueger v. Mitchell,* 112 Wis. 2d 88, 105, 332 N.W.2d 733, 741 (1983), does not establish any of the elements of a cause of action. Evrard had to prove that Jacobson acted with the purpose of causing Evrard emotional distress. He also had to prove that Jacobson's conduct was so extreme and outrageous as to be regarded by the average member of the community as a complete denial of Evrard's dignity as a person. Finally, Evrard had to prove that he suffered from an extreme emotional disability and this disability was a product of Jacobson's

conduct. *See Alsteen v. Gehl,* 21 Wis. 2d 349, 359–61, 124 N.W.2d 312, 318 (1963).

There is no evidence that Jacobson's conduct was extreme and outrageous or that he intended to inflict emotional distress. In the final meeting with Evrard, Jacobson did not behave in an abusive or threatening manner. Although he did voice the dubious proposition that Evrard could be prosecuted for failing to report his subordinate's sexual indiscretion, he did not threaten to seek such a prosecution, and there is no indication that he did not believe what he said. Evrard's belief that negative recommendations were made upon inquiry by prospective employers is not supported by any evidence. Even if Jacobson acted unfairly in seeking Evrard's ouster, that alone cannot constitute outrageous conduct with the intent to cause emotional distress. *See Dowling v. Blue Cross of Florida, Inc.,* 338 So. 2d 88, 89 (Fla. Dist. Ct. App. 1976).

The severity of emotional distress is not only relevant to the amount of recovery, but is a necessary element of any recovery. *Alsteen,* 21 Wis. 2d at 360, 124 N.W.2d at 318. Severe emotional distress is anxiety of such substantial quantity or enduring quality that no reasonable person could be expected to endure it. *See Harris v. Jones,* 380 A.2d 611, 616 (Md. 1977). Evrard did not suffer from such distress. After the initial shock of dismissal had worn off, he aggressively sought and eventually obtained employment. Although he became somewhat depressed and withdrawn for a time, he did not exhibit symptoms of clinical depression or any other emotional disorder and he sought no psychiatric help. He suffered only the anxiety naturally attendant to being unemployed.

Finally, even if Evrard did suffer severe emotional distress, the evidence provides no basis for distinguishing

the emotional distress caused by the firing from the emotional distress caused by Jacobson's conduct. Evrard would be entitled to compensation only insofar as his anxiety was aggravated by any outrageous conduct on the part of Jacobson. *See Dupler v. Seubert,* 69 Wis. 2d 373, 385, 230 N.W.2d 626, 633 (1975).

*By the Court.*—Judgment reversed.