Gerald WEBER, and James Steinwagner, Plaintiffs-
Appellants,

Peter WEBER, Wayne Rasmussen, Bruce Rieth, and
David Scheider, Plaintiffs,

v.

TOWN OF LINCOLN, a municipal corporation, Frank
Vietschegger, Chairman of the Town of Lincoln, and
Town Board Members: Leonard Schreiner, Robert
Eckes, Andrew Vell, John Binder, and Arvin Podevels,
Town Clerk, Defendants-Respondents.

Court of Appeals

*No. 89-2207. Submitted on briefs April 9, 1990.—Decided
November 8, 1990.*

(Also reported in 463 N.W.2d 869.)

For the plaintiffs-appellants the cause was submitted on the brief of *Frank L. Nikolay* of *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.* of Colby.

For the defendants-respondents the cause was submitted on the brief of *Dennis A. Juncer* of *Stauber & Juncer, Lawyers, Chartered* of Marshfield.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   In this appeal, we decide that residents of a town have standing to maintain a declaratory judgment action to determine whether the town board's attempt to repeal the town zoning ordinance was effective. We therefore reverse the circuit court's order dismissing the action.

On January 7, 1980, the town board of the Town of Lincoln adopted a zoning ordinance. By town board action on April 29, 1981, and June 20, 1981, the town board purported to repeal the zoning ordinance. The plaintiffs allege that the town board did not follow the proper procedure for repealing a town zoning ordinance. In this action, the plaintiffs seek a judgment declaring that the zoning ordinance is still in effect. On the defendants' motion, the circuit court dismissed the action on the ground that the plaintiffs lacked standing to maintain the action.

In order to maintain a declaratory judgment action:

There must exist a justiciable controversy—that is to say:

(1)   A controversy in which à claim of right is asserted against one who has an interest in contesting it.

(2)   The controversy must be between persons whose interests are adverse.

(3)   The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

(4)   The issue involved in the controversy must be ripe for judicial determination. .

*City of Madison v. Town of Fitchburg,* 112 Wis. 2d 224, 228, 332 N.W.2d 782, 784 (1983) (quoting *Loy v. Bunderson,* 107 Wis. 2d 400, 410, 320 N.W.2d 175, 181 (1982)).

■

The third component of justiciability is at issue in this case. "The legal interest requirement has often been expressed in terms of standing. In order to have standing to sue, a party must have a personal stake in the outcome of the controversy." *Id.* (citation omitted).

■

We conclude that the plaintiffs have standing under the Declaratory Judgments Act. Section 806.04(2), Stats., provides in part that "[a]ny person . . . whose rights, status or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of . . . validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder."

■

The Wisconsin Supreme Court has said, "By its very terms [the Uniform Declaratory Judgments Act] is 'declared to be remedial; its purpose is to settle and to

147

afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be *liberally construed and administered.*' " *F. Rosenberg Elevator Co. v. Goll,* 18 Wis. 2d 355, 359, 118 N.W.2d 858, 860 (1963) (emphasis in original) (quoting *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 21, 264 N.W. 627, 628 (1936)).

The Declaratory Judgments Act is singularly suited to test the validity of legislative action, prior to enforcement. "The most common method [of challenging the validity of some sort of legislative action] . . . is an action for declaratory judgment in which the plaintiff seeks a declaration of the rights and legal relations of the parties." 3 A. Rathkopf & D. Rathkopf, *The Law of Zoning and Planning* sec. 35.01[1] at 35-2 (1980). "The use of declaratory judgment actions as the means of testing the validity of land use regulations . . . predominat[es] over all other forms of action . . .." *Id.* at 35-4.

The Declaratory Judgments Act has been frequently used by municipal residents to test the validity of municipal legislation. *See Ramme v. City of Madison,* 37 Wis. 2d 102, 154 N.W.2d 296 (1967) (constitutionality of mobile home parking fee statute); *Boerschinger v. Elkay Enterprises,* 32 Wis. 2d 168, 145 N.W.2d 108 (1966) (validity of zoning ordinance amendment); and *Town of Fond du Lac v. City of Fond du Lac,* 22 Wis. 2d 525, 126 N.W.2d 206 (1964) (validity of annexation ordinance).

■■

The defendants claim that *Town of Clearfield v. Cushman,* 150 Wis. 2d 10, 440 N.W.2d 777 (1989) is dispositive. However, *Cushman* was an enforcement action. The court held that the defendant lacked standing to challenge provisions of the ordinance which the town did not seek to enforce against him. The unen-

forced provisions of the ordinance did not affect Cushman. Here, the lack of a zoning ordinance affects all town residents.

The legislature has specifically conferred standing to enforce a town's zoning ordinance upon owners of real estate within the town. Section 60.61(6), Stats., provides in part: "To enforce compliance with ordinances adopted under this section [general zoning authority], the town or the owner of real estate within a district affected by the ordinance may seek a court order." The defendants do not claim that the plaintiffs do not own land within the town.

We conclude that the plaintiffs have standing to maintain this action. We therefore reverse the circuit court's order.

*By the Court.*—Order reversed.