UNITED STATES of America, Plaintiff,

v.

**VILLAGE OF MARSHALL, WISCONSIN, Defendant.**

No. 90–C–524–S.

United States District Court, W.D. Wisconsin.

April 26, 1991.

Harvey L. Handley, III, Housing and Civ. Enforcement Section, Civ. Rights Div., Dept. of Justice, Washington, D.C., for plaintiff.

Bradley D. Armstrong, Axley Brynelson, Michael J. Modl, Madison, Wis., for defendant.

MEMORANDUM AND ORDER

SHABAZ, District Judge.

The above entitled matter came on for trial before the Court concerning damages on April 25, 1991, the plaintiff having appeared by Harvey L. Handley III; the defendant by Axley Brynelson, by Michael J. Modl. The Hon. John C. Shabaz, District Judge, presided.

Upon conclusion of trial the Court entered its findings of fact and conclusions of law, reserving the opportunity to supplement its remarks with a memorandum.

MEMORANDUM

■ Tellurian U.C.A.N., Inc. held an option to purchase the premises at 410 Hubbell Street, which option expired on December 16, 1989. Tellurian obtained three separate renewals of the option for one month each at a cost of $1,054.00 for each renewal, less a credit at closing of $225.00 for the six days remaining in the month of February 1990. The net amount advanced by

Tellurian for the options is $2,937.00. It was reasonable and necessary for Tellurian to make these payments to maintain the availability of the property, during which time it would be determined whether funding would be available for an alternate use of the property. Had the options not been renewed Tellurian would have lost the amount originally paid for the option as a result of the actions of the defendant.

Although Tellurian incurred and paid fees for professional services rendered by attorney Lee Erlandson concerning an action in Dane County Circuit Court entitled *Tellurian U.C.A.N. v. Goodrich*, Tellurian did not prevail in that action and the attorney fees of $3,143.61 paid by Tellurian were not a foreseeable result of the defendant's actions, nor did the services provide benefits to Tellurian. Furthermore, the unsuccessful state court action involved different issues and included the State of Wisconsin as a defendant. Attorney's fees incurred in the state action are not recoverable. There is allowed, however, the amount of $104.00, a reasonable amount paid Attorney Erlandson by Tellurian for his services concerning the revision of Tellurian's application for funds to operate the revised housing facility.

Similarly, costs incurred by Eugene Dold, President of Tellurian, in preparation for and attendance at proceedings in the case filed in state court are not recoverable. Tellurian did not prevail in state court, those services rendered were not the result of the defendant's actions, nor did the services of Dold in this respect inure to the benefit of Tellurian.

Dold also expended certain hours in developing an alternate housing facility as a result of the defendant's denial of the group home exemption. These efforts were directed at mitigating Tellurian's losses by obtaining funds to operate an independent living facility for mentally ill persons at 410 Hubbell Street. The hourly cost of salaries and overhead attributable to Mr. Dold is approximately $51.00. Based upon his testimony at trial Mr. Dold devoted approximately 50 hours of time to this effort. Accordingly, the costs attributable to Mr. Dold's efforts for accounting purposes would be $2,550.00. Tellurian received approval for this alternate facility, which is presently operating. In addition, Tellurian incurred a $132,617.00 reduction of funds because these funds were not required for operation of the less costly alternate facility. The Court finds that these costs are not properly recoverable because no evidence was provided that they had any actual adverse impact upon Tellurian.

Tellurian suffered no out-of-pocket losses other than those previously awarded. No overtime pay was provided any of Tellurian's personnel nor was it obligated for the payment of additional amounts because of the reduced funding. The high level of care which Tellurian envisioned would have been provided by the group home may not have been provided under the alternative independent living arrangement, but this did not damage Tellurian nor diminish its mission. Although the time devoted to the Marshall group home and/or alternative facility may have denied attention to other projects and concerns, there is no evidence in the record to suggest that the quality of those projects suffered in any way.

The Court further finds and concludes that the defendant did not intentionally discriminate against Tellurian and acted in good faith when reaching its decision to deny Tellurian's request for a statutory exception. There is no evidence of intentional misconduct on the part of Village officials, but instead efforts were made to cooperate fully with Tellurian. This is not a case which suggests civil penalties be awarded. There is no indication that the defendant has previously denied an exception or intends to so deny in the future.

The Village officials believed they were following the provisions of a Wisconsin Statute and representing the best interests of their constituency.

Accordingly,

## ORDER

IT IS ORDERED that judgment is entered in favor of the plaintiff United States

of America and against the defendant Village of Marshall, Wisconsin, granting Tellurian U.C.A.N., Inc. an exception to § 62.-23(7)(i)(1), Wis.Stat., and compensatory damages in the amount of $3,041.00 on behalf of Tellurian U.C.A.N., Inc., with costs.