Minerva RILEY, Plaintiff-Appellant,

Mary L. WOEHRER, Appellant,†

v.

Russell K. LAWSON, M.D., Dennis Foley, M.D.,
Lawrence Clowry, M.D., Milwaukee County Medical
Complex, Froedtert Memorial Lutheran Hospital,
Medical College of Wisconsin and Milwaukee County,
Defendants-Respondents,

WISCONSIN HOSPITAL ASSOCIATION, INC., Department of
Health & Human Services Social Security Adminis-
tration and Wisconsin Patients Compensation Fund,
Defendants [Case No. 96–0451].

Minerva RILEY, Plaintiff-Appellant,

Mary L. WOEHRER, Appellant,

v.

Lawrence CLOWRY, M.D., and Medical College of Wis-
consin, Defendants-Respondents,

Russell K. LAWSON, M.D., Dennis Foley, M.D.,
Milwaukee County Medical Complex, Froedtert
Memorial Lutheran Hospital, Wisconsin Hospital
Association, Inc., Milwaukee County, Department of
Health & Human Services Social Security Adminis-
tration and Wisconsin Patients Compensation Fund,
Defendants [Case No. 96–1198].

Court of Appeals

† Petition to review denied.

478

Nos. 96–0451, 96–1198. *Submitted on briefs March 21, 1997.—Decided April 30, 1997.*

(Also reported in 565 N.W.2d 266.)

For the plaintiff-appellant and the appellant, the cause was submitted on the briefs of *Mary L. Woehrer, J.D.* of Wauwatosa.

For the defendants-respondents Russell K. Lawson, M.D., Dennis Foley, M.D., Medical College of Wisconsin and Wisconsin Patients Fund, the cause was submitted on the briefs of *Paul J. Kelly* and *Amy J. Doyle* of *Schellinger & Doyle, S.C.* of Brookfield; for the defendant-respondent Froedtert Memorial Lutheran Hospital, the cause was submitted on the brief of *Wayne Van Ert* and *Peter D. Alberg* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee; for the defendant-respondent Milwaukee County Medical Complex, the cause was submitted on the brief of *Robert E. Andrews,* Deputy Corporation Counsel and for the respondent Lawrence Clowry, M.D., the cause was submitted on the briefs of *Michael J. Pfau* and *Michael P. Russart* of Milwaukee.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J.   This consolidated appeal arises from a medical malpractice bench trial. The initial appeal stems from two orders dated December 1, 1995, and two judgments dated December 15, 1995, and January 30, 1996. The December judgment was entered in favor of Minerva Riley against defendants Lawrence Clowry, M.D,. and the Medical College of Wisconsin in the sum of $132,196.53. That judgment also dismissed Riley's claims against defendants, Froedtert Memorial Lutheran Hospital, Milwaukee County Medical Complex, Dennis Foley, M.D., and Russell K. Lawson, M.D. (and the Medical College of Wisconsin as its interest relates to Drs. Foley and Lawson) (collectively, the defendants) and awarded the defendants statutory

483

costs. Both December orders and the January judgment awarded frivolous costs to Foley.

Riley and her attorney, Mary L. Woehrer, also appeal from a March 6, 1996 order requiring: Riley to execute a release and indemnification agreement; Woehrer to execute a stipulation and order for dismissal and execute a satisfaction of judgment; and defendants, Lawrence Clowry, M.D., the Medical College of Wisconsin and Wisconsin Patients Compensation Fund (as their interests relate to Dr. Clowry) (collectively, Clowry) to pay Riley $521.69 for interest not included in the original settlement draft.

On appeal, Riley argues that (1) the trial court erred by dismissing her claims against the defendants; (2) Woehrer did not continue a frivolous claim against Foley; (3) the defendants pursued a frivolous motion against Woehrer entitling Riley to attorney's fees and costs; (4) Clowry presented a frivolous defense to the medical malpractice action entitling Riley to attorney's fees and costs; and (5) the trial court erroneously ordered Riley to sign additional documents under § 806.07, STATS. By accepting and tendering Clowry's check, we conclude that Riley has waived her right to appeal all portions of the judgment pertaining to Clowry, including her frivolous defense claim. Because Riley does not challenge the damages, we conclude that the issue of liability for the defendants is moot. We further conclude that the trial court properly awarded Foley attorney's fees and costs under § 814.025(3)(b), STATS.

## Background

In the fall of 1990, Riley experienced urinary problems. After testing revealed suspicious lesions on Riley's left kidney, she was referred to Dr. Russel K.

Lawson, a urologist at the Medical College of Wisconsin. In January 1991, Riley underwent surgery which resulted in the partial removal of her left kidney. Lawson also recommended further testing to determine if a cyst on her right kidney was benign or cancerous.

In February, Riley returned for a radiology examination and biopsy of her right kidney. Dr. Dennis Foley, a radiologist, performed a CAT scan which showed a cyst "consistent with [a] benign cyst" on her right kidney. Foley also conducted an ultrasound guided aspiration of the lesion in her right kidney. The aspirate was sent to pathology for examination. Dr. Lawrence Clowry examined the specimen and diagnosed the cytology as positive for renal cell carcinoma.

In March, Lawson performed surgery and removed Riley's right kidney. The postoperative examination of Riley's right kidney revealed a benign renal cyst. Riley submitted her case for medical mediation alleging negligence.

The statutory mandated mediation was unsuccessful and Riley's medical malpractice action was tried to the court from August 21, 1995, through August 28, 1995. Riley argued to the court on the theories of res ipsa loquitor, negligence and negligence in failing to provide quality assurance monitoring of the treatment of her right kidney. Following the presentation of her case, all of the defendants moved to dismiss. After arguments, the court dismissed Riley's claims against Foley and his self-insured employer, the Medical College of Wisconsin; Froedtert Memorial Lutheran Hospital; and the Milwaukee County Medical Complex. Riley's case continued against Clowry and Lawson. On August 31, 1995, the court found Clowry causally negligent and awarded damages totaling $122,075.58 plus costs. Riley's claims against the

remaining defendants were dismissed and statutory costs were awarded.

In September 1995, Froedtert and Foley moved for attorney's fees and costs pursuant to § 814.025, STATS. Riley, in turn, moved for attorney's fees and costs against Clowry alleging that his defense of her claims was frivolous. She also moved for reconsideration of the liability of all of the defendants. The court only granted Foley's motion finding that the continuation of Riley's claim against Foley after the mandated mediation was frivolous under § 814.025(3)(b).

In a decision and order dated December 1, 1995, the court ordered Woehrer to pay Foley $5215 in attorney's fees and costs. In a separate order also dated December 1, 1995, the court denied Riley's motion for reconsideration; denied Riley's frivolous motion against Clowry; granted Foley's frivolous motion against Woehrer, personally; and denied Froedtert's frivolous motion. On December 15, 1995, the court entered judgment and costs in the total amount of $132,196.53 against Clowry and dismissed Riley's claims against Froedtert, Milwaukee County Medical Complex, Foley, and Lawson, together with statutory costs. On January 29, 1996, Woehrer tendered Clowry's draft in the amount of $133,515.55, without having Riley sign the "executed release, stipulation and order for dismissal and satisfaction of judgment." On January 30, 1996, the court entered judgment awarding Foley attorney's fees and costs against Woehrer in the amount of $5215.

On February 14, 1996, Riley and Woehrer appealed the court decisions and orders dated December 1, 1995, and the judgment entered on December 15, 1995. Clowry subsequently filed a motion for relief from judgment with the trial court pursuant to

§ 806.07, STATS. The court concluded that Riley and Woehrer's signatures on the check amounted to an agreement to execute the release, the stipulation and order for dismissal and satisfaction of judgment. On March 17, 1996, the court ordered Riley and Woehrer to sign the dismissal documents and ordered Clowry to pay an additional $521.69 in interest.

Riley next moved this court for relief pending appeal in the form of an order staying the March 1996 order. In an unpublished order dated April 18, 1996, we dismissed her motion for lack of jurisdiction to rule on the order entered after the December judgment and the filing of a notice of appeal. We recommended that Riley file a second appeal and move to consolidate the forthcoming appeal with her initial appeal, No. 96–0451. A second appeal was filed, No. 96–1198, and we ordered that the two appeals be consolidated. Additional facts will be included within the body of the decision as necessary.

### Waiver of Appeal

This first issue involves Riley's claims against Clowry. Riley contends that when she filed her initial appeal, the trial court did not have competency to decide Clowry's § 806.07, STATS., motion. She therefore alleges that the court erroneously ordered her and Woehrer to sign documents consisting of a broad release of liability, a stipulation and order for dismissal and a full satisfaction. Riley insists that she never agreed to sign the dismissal documents (besides, she had a *right* to cash the check tendered by Clowry). Riley also maintains that Clowry presented a frivolous defense to her medical malpractice action entitling her to attorney's fees and costs. These arguments are without merit.

487

■ First of all, Riley is mistaken in her claim that the trial court did not have competency to adjudicate Clowry's motion for relief from judgment because of her initial appeal. Section 808.075(1), STATS., provides that "[i] n any case, whether or not an appeal is pending, the circuit court may act under . . . [§ ] 806.07 . . . ." The statute specifically identifies matters brought under § 806.07, STATS., as amenable to disposition before the trial court irrespective of the pendency of an appeal. Clearly, the trial court had competency to adjudicate Clowry's motion for relief from judgment despite Riley filing her initial appeal.

■ Riley is also mistaken in her belief that she has a "right" to cash the check tendered by Clowry and not sign the dismissal documents, while maintaining an appeal based on the underlying judgment. This is totally contrary to well-established case law. "The rule is that an appellant is not permitted to take an appeal when [s]he voluntarily accepts a benefit which is dependent upon that part of the order or judgment which [s]he attacks on appeal." *Stevens Constr. Corp. v. Draper Hall, Inc.*, 73 Wis. 2d 104, 110, 242 N.W.2d 893, 896 (1976); *see also Wyandotte Chemicals Corp. v. Royal Elec. Mfg.*, 66 Wis. 2d 577, 592, 225 N.W.2d 648, 656 (1975) ("it has been held that if a benefit received is dependent upon . . . the order or judgment attacked, the party ought not to be permitted to carry on his warfare"). By accepting and tendering Clowry's payment of the judgment, we conclude that Riley has waived her right to appeal the judgment as to Clowry, including her claim of frivolous defense by Clowry. Accordingly, we dismiss Riley's appeal as it relates to the trial

court's finding of causal liability and damages and affirm its March 17, 1996 order.[1]

Our analysis does not end here because this waiver of appeal rule does have a corollary. The corollary states: "[A] party is not precluded from taking an appeal which does not involve a reversal of that part of the judgment under which [s]he has received payment." *Stevens Constr.*, 73 Wis. 2d at 110–11, 242 N.W.2d at 896. Accordingly, we now address Riley's claims against the remaining defendants.

## Negligence Issues

The next issue pertains to the remaining defendants. Riley does not contest the award of damages. Rather, she states that her case was tried to the court on theories of res ipsa loquitur and negligence and she contends that she met the required burden of proof as to these claims.[2] According to Riley, the trial court erroneously dismissed the defendants as to liability.

---

[1] The supreme court also stated that the "acceptance of payment under a judgment for less than the amount claimed does not prevent an appeal to modify the judgment in order to increase the recovery to the full amount claimed." *Stevens Constr. Corp. v. Draper Hall, Inc.*, 73 Wis. 2d 104, 111, 242 N.W.2d 893, 896 (1976). Accordingly, the trial court correctly ordered Clowry to pay Riley $521.69 for interest due her under the judgment. We uphold this portion of the order as well.

[2] Although Riley states that she met the burden of proof for res ipsa loquitor and negligence against *all* of the defendants, our holding above forecloses any such claims against Clowry. Moreover, having proven that Clowry's misreading of the biopsy was the cause of her injury, Riley provided a full and complete explanation of her injury, which the trial court chose to accept, and res ipsa loquitor became superfluous. *See Utica Mut. Ins.*

We conclude that Riley's liability claim is moot. A case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy. *See Tellurian U.C.A.N., Inc. v. Goodrich*, 178 Wis. 2d 205, 213, 504 N.W.2d 342, 346 (Ct. App. 1993). Thus, a case is moot when a party has obtained the relief to which he or she is entitled. *See id.* Generally, this court will not consider a moot issue. *See id.* at 214, 504 N.W.2d at 346.

Here, Riley does not contest her damages award; in fact, she has received all of the relief to which she is entitled. If we were to remand her case back to the trial court, the only issue for the trier of fact would be the liability of the defendants—damages would not be before the fact finder. Because a decision by this court cannot have any practical legal effect as to these defendants, we conclude that Riley's liability·claim is moot. Accordingly, we dismiss Riley's appeal as to liability as well.

### Frivolous Claims

This discussion centers on Foley's successful frivolous claim motion against Woehrer for $5215 in attorney's fees and costs. Woehrer submits that she met the required standard in pursuing both the res ipsa loquitor and negligent quality assurance monitoring claims against Foley. Accordingly, Woehrer insists that "[d]espite [the] total lack of proof by defense counsel and while acknowledging that their [sic] had been

*Co. v. Ripon Coop.*, 50 Wis. 2d 431, 439, 184 N.W.2d 65, 69 (1971).

'expert testimony as to Dr. Foley's causal negligence' the trial court [erroneously] concluded that Attorney Woehrer had 'continued a frivolous claim after the mediation period.' "

A claim is frivolous under § 814.025(3)(b), STATS., if an attorney knew or should have known that the claim was without any reasonable basis in law or equity and could not be supported by a good faith argument for the extension, modification or reversal of existing law. A finding under this section is based on an objective standard, requiring a determination of whether the party or attorney knew or should have known that the position taken was frivolous as determined by what a reasonable attorney would have known or should have known under the same or similar circumstances. *See Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 240–41, 517 N.W.2d 658, 665–66 (1994).

This inquiry involves a mixed question of law and fact. *See id.* at 241, 517 N.W.2d at 666. A determination of what a reasonable attorney knew or should have known involves a question of fact. *See id.* Findings on these matters are not disturbed unless they are clearly erroneous. *See Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575, 577 (Ct. App. 1983). The ultimate conclusion as to whether what was known or should have been known supports a finding of frivolousness is a question of law that we review independently. *See Stern*, 185 Wis. 2d at 241, 517 N.W.2d at 666.

A claim cannot be made reasonably and in good faith if there is no set of facts which could satisfy the elements of the claim, or if the attorney knew or should have known that the needed facts do not exist or cannot

491

be developed. *See id.* at 244, 517 N.W.2d at 667. The court must determine whether the evidentiary facts available to the party against whom a finding of frivolousness is sought provide any reasonable basis for meeting the party's burden of proof. *See id.* at 245, 517 N.W.2d at 667. The record in this case supports no such conclusion.

In the complaint, Riley alleged that Foley failed to exercise ordinary care and medical skill in keeping with his profession and specialty and in the manner in which he diagnosed, treated and rendered medical services to Riley. However, everyone agreed that Foley's actions were appropriate—he conducted the radiological examinations; he read the films that were generated as a result of the CAT scan and MRI; he gave his best professional opinion as to what he saw on those films; and he properly transmitted those findings to Clowry and Lawson.[3] Even Woehrer's expert, Dr. Cosmo Fraser, agreed that Foley's report was accurate and correct.

As for Riley's negligent quality assurance claim, the trial court found that Woehrer failed to meet her burden of proof with this claim as well. Although Woehrer's quality assurance expert, Fraser, stated on direct examination that to a reasonable medical probability Foley did not meet the required standard of care with regard to quality assurance monitoring, when pressed on cross-examination, he could not state with any medical certainty that Foley should have been

---

[3] Foley's report stated: Some "dark, straw-colored fluid removed from right renal cyst aspiration. Material sent to pathology for analysis." Foley also attached a note to the sample indicating that according to the MRI, the cyst appeared to be benign.

the *one to invoke* the quality assurance mechanism.[4] In fact, Fraser testified that:

> Lawson, who has all the facts. He definitely should have instituted [the quality assurance mechanism]. . . . Clowry now is in a dilemma because he says it's something, straw colored fluid that's probably benign and he reads it as being positive. So he also has an obligation now to check this out further to see . . . why is this inconsistent, why is it different.

Notably, Fraser made no mention of Foley and thus added little, if any, strength to Riley's case against Foley. The trial court also found that nothing new, as far as evidence relevant to Foley's liability, was developed after the mediation.

Based on this evidence, the trial court concluded that:

> [C]ounsel knew or should have known that there was no reasonable basis for continuing a lawsuit . . . they hadn't generated any theory of liability that held that there was any evidentiary or factual basis to support liability on behalf of Dr. Foley, so . . . a

---

[4] We are not oblivious to Woehrer's belated attempt to prop up (supplement) her case with Fraser's September 15, 1995 affidavit. Subsequent to trial, Fraser avers that "[i]t is my opinion to a reasonable degree of medical probability that each of the defendants . . . were negligent in failing to provide the mandated quality assurance monitoring and corrective action . . . in regard to Mrs. Riley's cyst aspiration biopsy." This does not erase the fact that he could not testify to a reasonable degree of medical probability that Foley should have been the *one to institute* the quality assurance mechanism. We do not consider materials not presented to the trial court. *See State v. Hartman*, 145 Wis. 2d 1, 9–10, 426 N.W.2d 320, 323 (1988).

continuation of action following mediation or after that against Dr. Foley was, in fact, frivolous.

These findings are supported by the record and are not clearly erroneous.

■

The trial court properly found that because Woehrer's experts could not pinpoint or describe with any specificity the "negligent" actions taken by Foley, no possible factual support existed for Riley's allegation to the contrary. Similarly, because of this lack of factual support, the trial court properly determined that Woehrer had failed to meet her burden of proof against Foley. Because Woehrer failed to develop new evidence following mediation, we also conclude that as a matter of law a reasonable attorney armed with this insignificant evidence implicating Foley would have determined that pursuing a negligence claim against him was frivolous. Accordingly, we affirm the trial court's December 1, 1995 order and January 30, 1996 judgment awarding $5215 in reasonable attorney's fees and costs to Foley.[5] Furthermore, in accordance with *Riley v. Isaacson*, 156 Wis. 2d 249, 262, 456 N.W.2d 619, 624 (Ct. App. 1990) ("if the claim was correctly adjudged to be frivolous in the trial court, it is frivolous *per se* on appeal"), we remand to the trial court to determine and award Foley his appellate attorney's fees.

---

[5] Because of our resolution regarding Foley's frivolous costs award, we need not address Attorney Woehrer's argument that Foley's "posture during the litigation of this case and its pursuit of a claim against plaintiff's counsel violated both sec. 802.05(1) Stats. and sec. 814.025(3) Stats. entitling the appellant's to attorney fees and costs in defense of this motion and appeal costs." *See State v. Waste Management, Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147, 151 (1978 ).

*By the Court.*—Judgments and orders affirmed and cause remanded.