COURT OF APPEALS
DECISION
DATED AND FILED

August 28, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2023AP664**
**2023AP1446**

Cir. Ct. No. 2022CV77

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

TIMOTHY HIX,

PETITIONER-APPELLANT,

V.

WISCONSIN DEPT. OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL,

RESPONDENT-RESPONDENT.

---

APPEALS from orders of the circuit court for Langlade County: JOHN B. RHODE, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Timothy Hix appeals from an order dismissing his petition for review of the Wisconsin Department of Justice's ("Department") denial of his application for a concealed carry license and from an order denying his motion to reopen and for default judgment.  Hix contends that the circuit court erred because the Department's denial was unlawful.  Because the Department reversed course and issued Hix a license before it filed its answer to Hix's petition, thereby affording him the relief to which he was entitled, we affirm the order of dismissal and the order denying his motion to reopen.

¶2      Hix applied to the Department for a concealed carry license under WIS. STAT. § 175.60 (2021-22).[1]  On May 9, 2022, the Department denied his application, giving as its reason "Federal Disqualifier for Domestic Violence."  The Department's decision was based on our opinion in ***Evans v. DOJ***, 2014 WI App 31, ¶4, 12, 353 Wis. 2d 289, 844 N.W.2d 403, in which we held that a conviction for disorderly conduct could constitute "a misdemeanor crime of domestic violence" under a federal statute that prohibits persons convicted of such offenses from possessing firearms.  Eleven days after the Department's denial, on May 20, 2022, the Wisconsin Supreme Court overruled ***Evans*** and held that "disorderly conduct is not a misdemeanor crime of domestic violence under federal law, and therefore, does not disqualify a person from holding a [concealed carry] license."  ***Doubek v. Kaul***, 2022 WI 31, ¶1, 401 Wis. 2d 575, 973 N.W.2d 756.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3      On June 15, 2022, Hix filed his petition seeking review of the denial. In addition to seeking reversal of the Department's decision, Hix sought actual damages, court costs, reasonable attorney fees, injunctive relief, and punitive damages. On June 29, 2022, the Department filed its answer in which it explained that Hix's application had been denied under **Evans** but that after **Doubek**, the Department had reversed course and granted him a concealed carry license. Because Hix had been granted his license, the Department informed the circuit court that it "[would] not be filing the record" with the court as normally required under WIS. STAT. § 175.60(14m)(d).

¶4      Neither party made any additional filings in the case for the next six months. Finally, on January 16, 2023, the circuit court dismissed the case for lack of prosecution. Hix filed a motion to reopen the case and for default judgment because the Department hadn't contested any of the allegations in his petition and had not provided the record related to its initial denial as required under the statute. The Department filed a response opposing Hix's requests, arguing among other things that the case was moot after the Department granted Hix a license. On May 8, 2023, the court issued an order denying Hix's motions "for the reasons stated in [the Department]'s response brief." Hix filed separate appeals of the court's order dismissing the case and the order denying his motions to reopen and for default judgment. This court consolidated the two appeals.

¶5      On appeal, Hix argues that the circuit court's dismissal of his case violated the mandatory review procedure set forth in WIS. STAT. § 175.60. He also contends that the court committed "clear errors of law" in denying his motion to reopen and his motion for default judgment. The Department disagrees with Hix's substantive arguments and also argues that Hix's appeal is moot because the Department reversed its initial denial and granted Hix his concealed carry license.

3

We agree with the Department that Hix's appeal is moot and therefore need not address the parties' other arguments.

¶6      Mootness is a question of law that is reviewed de novo.  ***Portage County v. J.W.K.***, 2019 WI 54, ¶10, 386 Wis. 2d 672, 927 N.W.2d 509.  "An issue is moot when its resolution will have no practical effect on the underlying controversy."  ***PRN Assocs. LLC v. DOA***, 2009 WI 53, ¶25, 317 Wis. 2d 656, 766 N.W.2d 559.  As relevant here, "a case is moot when a party has obtained the relief to which he or she is entitled."  ***Riley v. Lawson***, 210 Wis. 2d 478, 490, 565 N.W.2d 266 (Ct. App. 1997).

¶7      Hix's judicial review petition sought reversal of the Department's decision and issuance of the license.  Weeks after he filed the petition, the Department reversed its initial decision and issued him the license he sought.  Given the Department's turnabout, a reversal of the prior agency decision by the court would not have any practical effect because Hix had already obtained the relief he sought.  *See **J.W.K.***, 386 Wis. 2d 672.  Thus, the case is moot.

¶8      Hix advances several reasons why we should reject the Department's mootness argument, but none are persuasive.  First, he argues that the Department forfeited its right to argue mootness by not raising it in its answer.  *See **State Farm Mut. Auto Ins. Co. v. Hunt***, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633 (explaining that "[a]rguments raised for the first time on appeal are generally deemed forfeited" (citation omitted)).  We do not agree.  Although the Department did not use the word moot in its answer, it raised the grounds for that argument in the answer by explaining its reversal of the denial following ***Doubek*** and issuance of a license to Hix as the reason why the circuit court did not need

4

"to order the Department to reverse its decision and grant a license to Hix." This was sufficient to preserve the Department's ability to argue mootness on appeal.

¶9    Hix also argues that the Department has not shown "*whether*, who, when, where, or how it granted Hix a license." To the extent Hix is suggesting that this case is not moot because he has not actually received his license, that suggestion lacks support in the record. The Department informed the circuit court in its answer that it had granted Hix the license. Hix does not explicitly and specifically dispute the fact that he has, in fact, received the license. Hix did not dispute the Department's assertion in the six months between the filing of the answer and the dismissal of his case. Hix also did not dispute the assertion in his motion to reopen; he asserted only that the Department had not provided his attorney with a copy of the license. And finally, Hix's appellate briefs never dispute the Department's assertion that he has received the license.

¶10    Next, Hix argues that his case is not moot because he is entitled to other forms of relief including expenses, attorney fees, and punitive damages resulting from the Department's violation of WIS. STAT. § 175.60. Again, we disagree. Hix would be eligible for an award of court costs and reasonable attorney fees only if the circuit court had reversed the Department's denial. *See* § 175.60(14m)(g)2. That did not occur here because the Department granted Hix a concealed carry license before it filed its answer. Furthermore, even if Hix prevailed in the circuit court, Hix has not pointed to any legal authority that would entitle him to an award of punitive damages.

¶11    Finally, Hix argues that his case falls within recognized exceptions to mootness. He cites *State ex rel. Riesch v. Schwarz*, 2005 WI 11, ¶12, 278 Wis. 2d 24, 692 N.W.2d 219, in which our supreme court stated that an appellate

court "may decide an otherwise moot issue if it is of great public importance or arises frequently enough to warrant a definitive decision to guide the circuit courts." We agree with the State that these exceptions do not apply here. Although the constitutional right to bear arms is important, ***Doubek*** has resolved the question of whether persons with domestic violence convictions like Hix may be denied concealed carry licenses. Accordingly, it is unlikely that the issue raised by Hix's petition will frequently recur.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.