30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Crystal TILLMAN, Plaintiff-Appellant,
v.
M & I BANK, David Kohlmeyer, Christine A. Seitz, and Racine
County, Defendants-Appellees.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 5, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, District Judge.**
 
 ORDER
 
 2
 Crystal Tillman, a former bank teller at the M & I Bank in Racine, Wisconsin, resigned her position and filed racial discrimination complaints with the Equal Employment Opportunity Commission and the Equal Rights Division of the Wisconsin Department of Industry, Labor & Human Relations after she was denied a promotion and she refused the bank's request to transfer to another branch location. Shortly thereafter, Tillman was charged with felony theft and unlawful use of a telephone. Wis.Stats. Secs. 943.20(1)(b), 947.012(1)(b). The charges were founded upon the bank's discovery of several unauthorized withdrawals originating from Tillman's teller station at the M & I Bank. After her arrest on theft charges, Tillman allegedly made a threatening phone call to Christine Seitz, Tillman's supervisor at the bank. The theft charge was dismissed before trial; the remaining charge was dismissed at the conclusion of a jury trial for lack of venue.
 
 
 3
 In April 1990, Tillman filed a complaint in the Milwaukee County Circuit Court, alleging conspiracy to maliciously injure her reputation, trade, or business pursuant to Wis.Stats. Sec. 134.01; malicious prosecution; malicious harassment and discrimination based on race in violation of the United States Constitution and 42 U.S.C. Secs. 1981-1985; intentional infliction of emotional distress, or alternatively, negligent infliction of emotional distress; and abuse of process because the criminal actions against her were instigated in retaliation for the discrimination charges she filed against M & I Bank. The case was removed to federal court. 28 U.S.C. Secs. 1441, 1446. The district court granted summary judgment to defendant Racine County on all claims. M & I Bank and its employees, Seitz and David Kohlmeyer, were granted summary judgment with respect to the federal claims, the state conspiracy charge and the state tort claim of abuse of process. The claims of malicious prosecution and intentional infliction of emotional distress were dismissed with respect to the felony theft charge only. After a jury trial, the district court directed the verdict in the defendants' favor on the remaining claims. Tillman appeals both decisions.
 
 Claims Dismissed on Summary Judgment
 
 4
 We review a grant of summary judgment de novo. Hinnen v. Kelly, 992 F.2d 140, 142 (7th Cir.1993). Tillman alleges that the district court erroneously concluded that a claim of retaliatory malicious prosecution on the basis of race is not cognizable under 42 U.S.C. Secs. 1981, 1983 and 1985.[1] Although the district court made no such statement, it is unclear whether it considered the alleged acts of retaliation with respect to Tillman's federal claim under Sec. 1981.
 
 
 5
 Section 1981 proscribes individuals from discriminating on the basis of race in the making and enforcing of contracts. In Patterson v. McLean Credit Union, the Supreme Court limited the scope of Sec. 1981 to racially discriminatory conduct at the initial formation of the contract or to conduct which impaired the right to enforce contractual obligations through legal process. 491 U.S. 164, 179 (1989). Accordingly, retaliatory acts are cognizable under Sec. 1981 only if their intended purpose is to impede the enforcement of a contractual right and the acts are racially motivated. McKnight v. General Motors Corp., 908 F.2d 104, 111 (7th Cir.1990), cert. denied, 499 U.S. 919 (1991).[2] Although Tillman contends that the defendants initiated criminal charges against her in retaliation for the filing of her employment discrimination claims, she does not allege or present any facts to suggest that she was obstructed in judicially enforcing contractual rights as a result of the defendants' actions. Thus, despite the district court's failure to address this claim, the omission does not warrant a remand or reversal of the grant of summary judgment.
 
 
 6
 With respect to her Sec. 1983 claim, the district court noted that M & I Bank and its employees were private persons and were not liable under Sec. 1983 unless they conspired with state officials to deny Tillman her constitutional rights. Adickes v. S.H Kress & Co., 398 U.S. 144, 152 (1970); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir.1985). Tillman admitted in her deposition that she thought the County of Racine believed the charges were true and accurate up until they were dismissed. Indeed, the only evidence suggesting a conspiracy is an alleged statement by the arresting officer to Tillman that he believed her and that she should get herself a good attorney. These bare allegations do not support a conspiracy claim and do not present an issue of material fact to preclude summary judgment. See Moore, 754 F.2d at 1352. Accordingly, Tillman's Sec. 1983 claim was properly dismissed on summary judgment. Likewise, we reject Tillman's conspiracy claim under Sec. 1985.
 
 Claims Dismissed on Directed Verdict
 
 7
 Tillman also contends that the district court committed error when it directed the verdict in favor of the defendants on the remaining state tort claims pursuant to Federal Rule of Civil Procedure 50(a). As a preliminary matter, however, we must discuss the jurisdictional question raised by the dismissal of the federal claims on summary judgment.
 
 
 8
 The statute on supplemental jurisdiction, which codifies judge-made principles, grants the district court discretion to exercise jurisdiction over pendent state claims once the federal claims have been dismissed. 28 U.S.C. Sec. 1367(c)(3); Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1182 (7th Cir.1993). Generally, the district court should relinquish jurisdiction over pendent state claims if the federal claims were dismissed before trial unless unusual circumstances exist. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Wright v. Associated Ins. Cos. Inc., No. 93-3619, slip op. at 10 (7th Cir. July 21, 1994). Specifically, where the correct disposition of a state law claim is so clear as a matter of state law that the resolution of difficult issues of state law and further trial proceedings are unnecessary, the interest in judicial economy warrants retention of the pendent claims. Wright, No. 93-3619, slip op. at 12; Brazinski, 6 F.3d at 1182. In this case, jurisdiction was properly retained over Tillman's state tort claims for malicious prosecution and intentional and negligent infliction of emotional distress; because there was no genuine issue of material fact raised with respect to any of these claims, they could have been resolved without further trial proceedings at the summary judgment stage.
 
 
 9
 To establish a prima facie case of negligent infliction of emotional distress at the time the district court ruled on the defendants' summary judgment motion, Tillman needed to show that she was within the range of ordinary, physical peril, that she feared for her own safety, and that her emotional distress was manifested by physical injury. Garrett v. City of New Berlin, 362 N.W.2d 137, 142 (Wis.1985). In addition, the plaintiff must establish that the defendant's conduct fell below the applicable standard of care.[3] Bowen v. Lumbermens Mutual Casualty Co., No. 92-1728, 1994 WL 228639 (Wis. May 25, 1994). Tillman did not bring forth material facts to show that the defendants' conduct fell below the appropriate standard of care.
 
 
 10
 Included with Tillman's opposition memorandum to the defendants' motion for summary judgment were transcribed copies of videotaped depositions of Kohlmeyer, Seitz, and Tillman. Kohlmeyer stated that the bank first became aware of a potential crime when a customer complained of an unauthorized withdrawal from her account. The bank investigation revealed that there was no withdrawal slip for the transaction and that the withdrawal originated from Tillman's teller station. After further inquiry, the bank uncovered thirteen additional unauthorized withdrawals from Tillman's teller station. Only then did the bank file a Report of Apparent Crime with the FBI as required by the Federal Deposit Insurance Company, see 12 U.S.C. Secs. 1818, 1819 and 12 C.F.R. 353.1, stating that between May 9 and June 15, 1988, Tillman withdrew more than $2,000 from various customer accounts. It included signed affidavits from customers indicating that the withdrawals were unauthorized. The FBI eventually responded that because of the minimal amount of money involved, they would not investigate the case but would refer it to the local enforcement authorities. Kohlmeyer stated that at some point, someone from the bank also notified the Racine Police department. Although it is true that one of the withdrawal slips was eventually found, there is no evidence in the record to suggest that the bank was careless or negligent in its investigation and notification of the law enforcement authorities.
 
 
 11
 The charge for unlawful use of a telephone was filed after Kohlmeyer contacted the police about a telephone call made by Tillman to Seitz at 10:30 p.m. on the day Tillman was arrested.[4] Tillman denied that she used obscenities to threaten or intimidate Seitz. Nonetheless, without some evidence indicating that the M & I Bank disbelieved Seitz' account of the phone call, there is nothing in Tillman's pleadings to suggest that the bank's actions fell below a reasonable standard of care in reporting the incident to the police.
 
 
 12
 We also find that Tillman did not demonstrate all the required elements for a claim of intentional infliction of emotional distress. Specifically, Tillman has not shown that the bank's conduct was extreme and outrageous such that the average member of the community would regard defendants' conduct as a complete denial of Tillman's dignity as a person. Bowen, 1994 WL 228639 at * 3; Alsteen v. Gehl, 124 N.W.2d 312, 318 (Wis.1963). Unreasonable behavior is not a basis for recovery. Id. Kohlmeyer merely informed the police that Tillman had phoned Seitz at 10:30 p.m. and that as a result of the conversation, Seitz felt physically threatened. Evrard v. Jacobson, 342 N.W.2d 788, 790 (Wis.Ct.App.1983) (director's ouster of youth camp supervisor did not constitute extreme and outrageous behavior where supervisor failed to report subordinate's sexual indiscretion with minor camper, director was not abusive or threatening, and director did not threaten to seek prosecution); cf. McKissick v. Schroeder, 235 N.W.2d 686, 690 (Wis.1975) (police officers exhibited extreme and outrageous behavior when they entered plaintiff's house after fatally shooting her son, refused to assist her in calling for aid, and then marched her into the kitchen with her hands up, questioning her at length while her son was dying).
 
 
 13
 Tillman's last claim, malicious prosecution, fails as well. One of the six elements required to maintain an action for malicious prosecution is want of probable cause for the institution of the former proceedings. Strid v. Converse, 331 N.W.2d 350, 354 (Wis.1983). "Probable cause" means that "quantum of evidence which would lead a reasonable layman in the same circumstances to honestly suspect that another person had committed a crime." Pollock v. Vilter Mfg. Corp., 126 N.W.2d 602, 609 (Wis.1964). The issue of probable cause may be determined as a matter of law when the facts are undisputed. Id.
 
 
 14
 Seitz and Kohlmeyer both testified in videotaped depositions that the police department was contacted with regard to the telephone call to record what was said and to inquire how they should proceed. The police department recommended that a complaint be filed and that Tillman be charged with "unlawful use of telephone" pursuant to Wis.Stats. Sec. 947.012, a misdemeanor offense. A police officer came to the bank and Seitz signed the complaint. Although Seitz and Kohlmeyer may not have known exactly what offense, if any, Tillman was guilty of when they called the police, it was reasonable for them to conclude that Seitz, who was a potential witness in the theft case, had been threatened and that the incident should be reported. See Pollock, 126 N.W.2d at 610 (reasonable corporate executives had probable cause as a matter of law to believe that plaintiff had committed some crime). Moreover, because Tillman allegedly used profane language in a telephone call to Seitz with the alleged intent to harass, there was undoubtedly probable cause to initiate criminal proceedings under Wis.Stats. Sec. 947.012(1)(b).
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Tillman also states that the "District Court erroneously granted the defendants summary judgment on the constitutional tort claims and the conspiracy claim under Sec. 134.01, Wis.Stats." We will not consider these claims because Tillman has not presented any argument or cited to any case law to support her bare allegations. Smith v. Town of Eaton, 910 F.2d 1469, 1471 (7th Cir.1990), cert. denied, 499 U.S. 962 (1991)
 
 
 [2]
 The 1991 Civil Rights Act, Pub.L. No. 102-66, 105 Stat. 1071, effective November 21, 1991, amended Sec. 1981 so that the phrase "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. Sec. 1981(b). The amended statute does not apply to preenactment conduct, Rivers v. Roadway Express, Inc., 114 S.Ct. 1510, 1520 (1994), and therefore, is not applicable to this case
 
 
 [3]
 Although Tillman was not in the range of physical peril nor feared for her safety as a result of charges being filed for theft and unlawful use of the telephone, the Wisconsin Supreme Court has recently reconsidered the necessary elements for a claim of negligent infliction of emotional distress, and in so doing, has eliminated the "zone of danger" element and the need to establish physical injury. Bowen v. Lumbermens Mutual Casualty Co., No. 92-1728, 1994 WL 228639 at * 1 (Wis. May 25, 1994). Now, the plaintiff must prove only that (1) the defendant's conduct fell below the applicable standard of care; (2) that the plaintiff suffered an injury, i.e., severe emotional distress; and (3) that the defendant's conduct was a cause-in-fact of the plaintiff's injury. Id
 
 
 [4]
 Section 947.012(1) of the Wisconsin Statutes states:
 Whoever does any of the following is guilty of a Class B misdemeanor:
 * * *
 (b) With intent to frighten, intimidate, threaten or abuse, telephones another and uses any obscene, lewd or profane language or suggests any lewd or lascivious act.