IN the MATTER OF the ESTATE OF Arthur A.
SCHNEIDER, Deceased: David Frederick
SCHNEIDER, Petitioner-Appellant,

v.

Gerald SCHNEIDER, Special Administrator,
Respondent.

Court of Appeals

*No. 88-2206. Submitted on briefs March 29, 1989.—Decided
April 26, 1989.*

(Also reported in 441 N.W.2d 335.)

287

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Robert C. Hahn* of *Holden & Hahn,* of Sheboygan.

On behalf of the respondent, the cause was submitted on the brief of *Carl K. Buesing* of *Halvorsen & Buesing,* of Sheboygan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   David was born to Mary Ann while she was married to Jack Seng. The birth certificate listed his last name as Seng. A few years after David's birth, Mary Ann eloped with Arthur Schneider, taking David with her. David, who now goes by the last name of Schneider, is seeking to inherit Arthur Schneider's estate as a nonmarital child who has been acknowledged as Arthur's son in writings signed by Arthur. We hold that before David may do so, he must first overcome the presumptions of legitimacy and paternity that protect children born to a married woman. David's evidence is insufficient as a matter of law to overcome the presumptions, and the trial court's judgment dismissing David's objection and petition is affirmed.

Section 852.05, Stats., under which David seeks to inherit from Arthur Schneider, states in pertinent part:

> **Status of nonmarital child for purposes of intestate succession.** **(1)** A nonmarital child or the child's issue is entitled to take in the same manner as a marital child by intestate succession from and through his or her mother, and from and through his or her father if the father has either been adjudi-

cated to be the father in a paternity proceeding under ch. 767, or has admitted in open court that he is the father, or has acknowledged himself to be the father in writing signed by him.

■

Interpretation of a statute is a question of law that we address *de novo. State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984). Our first recourse is to the language of the statute itself, and if the statute is clear, we do not resort to rules of construction. *Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987).

■

The plain meaning of sec. 852.05(1), Stats., is that it grants an entitlement for a nonmarital child under certain conditions. The conditions do not apply to those who are marital children. The law of descent and distribution is of legislative origin and subject to the control of the legislature. *In re Estate of Blumreich,* 84 Wis. 2d 545, 555, 267 N.W.2d 870, 874 (1978), *appeal dismissed sub nom. Caldwell v. Kaquatosh,* 439 U.S. 1061 (1979). The classifications and requirements of the statute, created by the legislature, are exclusive. *Id.* Anyone seeking to inherit under sec. 852.05(1) must therefore first show that he or she is a nonmarital child.

David argues that whether or not Arthur Schneider is proved to be David's father, David is a nonmarital child with respect to the marriage of Mary Ann and Arthur Schneider. He states, "[s]ince David Schneider was not born or conceived during the marriage of Arthur and Mary Ann, he is by definition a 'nonmarital child' as concerns the marriage of Arthur Schneider and Mary Ann Schneider." (Emphasis omitted.) We hold that "nonmarital" is a more narrowly drawn term.

289

Section 990.01(23m), Stats., states that " '[n]onmarital child' means a child who is neither conceived nor born while his or her parents are lawfully intermarried, who is not adopted and whose parents do not subsequently intermarry under s. 767.60." Section 990.01(19m) defines "marital child" as one conceived or born during its parents' intermarriage or as a nonmarital child who is adopted or whose parents subsequently intermarry. Thus, where adoption is not an issue, whether a child is marital or nonmarital is determined by the marital status of his or her biological parents vis-a-vis each other. "Nonmarital child" is a less stigmatizing phrase than "illegitimate child" or "bastard child," but it does not so whitewash the concept as to label all Wisconsin residents the "nonmarital children" of an infinity of marriages. We hold that before David may enjoy the benefit of sec. 852.05, Stats., he must first show that the man to whom his mother was married at the time of conception or birth is not his biological father.[1]

David concedes that his mother was lawfully married to Jack Seng when David was conceived and born.

_____

[1]We have considered and rejected the reasoning of the Louisiana courts that allows a child to be both presumed legitimate issue of one father and "technically illegitimate" issue of another, and to collect from both estates. *See Griffin v. Succession of Branch,* 479 So. 2d 324, 328 (La. 1985). Our statutes are different from the filiation statutes interpreted by the *Griffin* court. Further, the state has an interest in the accurate and orderly administration of estates. *See In re Estate of Blumreich,* 84 Wis. 2d 545, 563–64, 267 N.W.2d 870, 878 (1978), *appeal dismissed sub nom. Caldwell v. Kaquatosh,* 439 U.S. 1061 (1979). We do not think that interest is furthered by allowing presumably legitimate children to litigate their filiation with any man who has ever in writing addressed them as "son" or "daughter."

Therefore, in order to show that he is a nonmarital child, David must overcome the presumptions of legitimacy and paternity codified in secs. 891.39(1)(a) and 891.41, Stats. These sections state, in pertinent part:

**891.39 Presumption as to whether a child is marital or nonmarital; self-crimination; birth certificates.** (1)(a) Whenever it is established in an action or proceeding that a child was born to a woman while she was the lawful wife of a specified man, any party asserting in such action or proceeding that the husband was not the father of the child shall have the burden of proving that assertion by a clear and satisfactory preponderance of the evidence. In all such actions or proceedings the husband and the wife are competent to testify as witnesses to the facts. . ..

. . ..

**891.41 Presumption of paternity.** A man is presumed to be the natural father of a child if. . .

**(1)** He and the child's natural mother are or have been married to each other and the child is conceived or born after marriage and before the granting of a decree of legal separation, annulment or divorce between the parties.

Pursuant to these statutes, David must overcome the presumption that he is a marital child by producing a clear and satisfactory preponderance of evidence that Jack Seng is not his father.

The presumption that one born or conceived in wedlock is a marital child is rebuttable. Sec. 891.39, Stats.; *Estate of Lewis,* 207 Wis. at 155, 158, 240 N.W. 818, 819 (1932). Nonetheless, it is one of the strongest presumptions known to law. *Lewis,* 207 Wis. at 158, 240

N.W. at 819. Well-established Wisconsin law holds that proper and sufficient rebuttal evidence is that the husband was: (1) incompetent; (2) entirely absent, so as to have no intercourse or communication of any kind with the mother; (3) entirely absent at the period during which the child must, in the course of nature, have been begotten; or (4) only present under such circumstances as afford clear and satisfactory proof that there was no sexual intercourse. *Id.* at 159, 240 N.W. at 819. Impotency and imbecility are included within the four *Lewis* categories, and we think that the third and fourth categories together include virtually any evidence that it was physically or biologically impossible for the husband to be the father. *See Leonard v. Leonard,* 360 So. 2d 710, 713 (Ala. 1978).

Whether a party has offered sufficient evidence to meet his applicable burden of proof is a question of law that this court can review. *Seraphine v. Hardiman,* 44 Wis. 2d 60, 65, 170 N.W.2d 739, 742 (1969). We agree with the trial court that David's offer of proof was insufficient to rebut the presumption of legitimacy that arose upon proof that Mary Ann was married to Jack Seng when David was conceived and born.

David offered no evidence that it was physically or biologically impossible for Mary Ann's husband to be the father of the son born to her during the marriage. Most of his evidence dealt with Arthur's acknowledgments of paternity and the nature of his relationship with David. This evidence, however, is premature. While it might be relevant to bolster the implication reasonably to be drawn from evidence falling into the *Lewis* categories, standing alone it is insufficient. *See Leonard,* 360 So. 2d at 713. David points to language in Seng's answer to

Mary Ann's 1949 petition for divorce that accused Mary Ann of having "kept company with other men" and having "remained away with [one man] for many hours at a time." While David may here be victimized by a more delicately-spoken era, this language simply does not assert Mary Ann's infidelity.

The evidence offered tended to show a strong emotional bond between David and Arthur, but no absence of a biological bond between David and Jack Seng. The evidence simply was insufficient to rebut the presumption that David is a marital child.

We do not think that our interpretation of sec. 852.05, Stats., effectively precludes a nonmarital child born of a union between a married woman and an unmarried man from inheriting from the biological father. Therefore, we do not think that our, or the trial court's, requirement that such a child first illegitimatize itself renders the statute unconstitutional. There exists a myriad of ways to show that a woman's husband was physically or biologically incapable of fathering a particular child. Blood tests and evidence of non-access, infirmity and absence are all available.[2] David did not offer such evidence.

*By the Court.*—Judgment affirmed.

[2]The record does not reveal the present whereabouts of Jack Seng or why neither blood tests nor his testimony was offered.