Rashid A. Osman, Plaintiff-Respondent,

v.

Allen R. Phipps, Defendant,

Enterprise Rent-A-Car Company a/k/a Enterprise Rent-A-Car Co., Inc., Defendant-Appellant.

Court of Appeals

*No. 01–1248. Submitted on briefs March 28, 2002.—Decided June 4, 2002.*

2002 WI App 170

(Also reported in 649 N.W.2d 701.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey T. Nichols* of *Crivello, Carlson, Mentkowski & Steeves, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Allen Silverstein* of *Law Offices of Allen Silverstein*, of Milwaukee.

Before Fine, Schudson and Curley, JJ.

¶ 1. SCHUDSON, J.    Enterprise Rent-A-Car Company appeals from the circuit court order awarding Rashid A. Osman double costs of $1,477.10, interest of

$1,833.56, and attorney's fees of $19,500.00. Enterprise argues that the circuit court erred in awarding: (1) interest and double costs under WIS. STAT. § 807.01; and (2) actual attorney fees under WIS. STAT. § 814.025 and WIS. STAT. § 802.05. We agree and, therefore, reverse.

## I. BACKGROUND

¶ 2.   On October 10, 1994, Osman was injured in a car accident and, on September 22, 1997, he commenced the underlying action. Even before the instant appeal, the case traveled a long road leading to this court's reversal of the summary judgment the circuit court had granted Enterprise. In our decision, we summarized the factual background:

> The facts are not in dispute. Osman, a Canadian citizen, was seriously injured when a car he was driving was struck by a car driven by Allen Phipps. Osman's car was rented from Hertz and was insured by Zurich Insurance Company. Phipps's car was rented from Enterprise and was self-insured by Enterprise for $25,000, the minimum required by §§ 344.51(1) and 344.01(2)(d), STATS.[, 1995–96.]
>
> Osman received some compensation for his damages under Ontario's No Fault Insurance Law. He received $32,000 Canadian dollars from Zurich Insurance Company and Zurich paid some of his medical expenses. He also received some free medical treatment under Ontario's Health Insurance Plan. He incurred other medical expenses that were not paid and he received no compensation for pain and suffering.
>
> Osman brought this action against Enterprise pursuant to § 344.51(1), STATS., seeking damages for pain, · suffering, disability, loss of livelihood and medical costs.

*Osman v. Enter. Rent-A-Car Co.*, No. 98–2930–FT, unpublished slip op. at 2–3 (Wis. Ct. App. July 20, 1999).

We concluded that although Osman, under the Ontario insurance programs, had recovered more than $25,000—the statutory liability limit under §§ 344.51(1) and 344.01(2)(d) for bodily injury to one person in any one accident—he still could pursue additional compensation from Enterprise given his allegation that the amount he had received had not fully covered his damages.[1] *Id.* at 3–4.[2]

---

[1] In our 1999 decision, we mistakenly utilized the 1995–96 version of WIS. STAT. § 344.51 rather than the 1993–94 version, which, because it was in effect at the time of the rental agreement, applied to the facts of this case. Although, typically, "a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal," *see Univest Corp. v. Gen. Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989), we will not perpetuate our mistake here.

WISCONSIN STAT. § 344.51 (1993–94) provided, in relevant part:

**Financial responsibility for domestic rented vehicles. (1)** No person may for compensation rent any motor vehicle to be operated by or with the consent of the person renting the vehicle unless there is filed with the department [of transportation] a good and sufficient bond or policy of insurance issued by an insurer authorized to do an automobile liability insurance or surety business in this state. The bond, policy or certificate shall provide that the insurer which issued it will be liable for damages caused by the negligent operation of the motor vehicle in the amounts set forth in s. 344.01(2)(d).

WISCONSIN STAT. § 344.01(2)(d) (1993–94) provided, in relevant part:

"Proof of financial responsibility" . . . means proof of ability to respond in damages for liability on account of accidents occurring subsequent to the effective date of such proof, arising out of the . . . use of a motor vehicle in the amount of $25,000 because of bodily injury to or death of one person in any one accident . . . .

[2] See text for footnote 2 on page 594.

¶ 3. Before the circuit court granted summary judgment to Enterprise, Osman offered to settle with Enterprise for $16,900, including costs. After this court reversed the summary judgment and remanded the case to the circuit court, Enterprise offered to settle for $15,000. Prior to the mediation that followed, Enterprise increased its offer to $25,000. Nevertheless, the

Additionally, we note that our 1999 decision's characterization of $25,000 as the "minimum liability limit" under WIS. STAT. §§ 344.51(1) and 344.01(2)(d), *see Osman v. Enter. Rent-A-Car Co.*, No. 98–2930–FT, unpublished slip op. at 2–3 (Wis. Ct. App. July 20, 1999), was inconsistent with our earlier decision in *Boatright v. Spiewak*, 214 Wis. 2d 507, 570 N.W.2d 897 (Ct. App. 1997), another case in which Enterprise was sued pursuant to § 344.51(1). In *Boatright*, the appellants had argued that

[2.] See text for footnote 2 on page 594. Enterprise's liability for damages to the Boatrights caused by Spiewak's negligent operation of a vehicle rented from Enterprise was unlimited because WIS. STAT. §§ 344.51 and 344.01(2)(d) (1993–94) set only minimum limits of liability, not maximums. *Boatright*, 214 Wis. 2d at 510–11. We explained:

> In the final analysis, § 344.01(2)(d), STATS., has nothing to do with minimum or maximum *liability* in the sense the appellants argued. Rather, it simply fixes the amount of or proof of security that a person subject to ch. 344 is responsible for filing in order to comply with the financial responsibility law. Enterprise did not need to indicate its "limits of liability" on its application [for a certificate of self-insurance] because the unambiguous words of § 344.51(1), STATS., provide the amount necessary for Enterprise to comply with its obligation under that statute, "the amount(s) set forth in s. 344.01(2)(d)." That amount, $25,000, is not a minimum or maximum liability, but, in the latter statute's words, simply the amount of damages Enterprise has proven it can respond to.

*Boatright*, 214 Wis. 2d at 517–18.

[2] On December 20, 1999, the Wisconsin Supreme Court denied Enterprise's petition for review of this court's decision reversing the summary judgment.

parties were unable to resolve their dispute. Then, at mediation, although Osman offered to settle for $29,000, including costs of $4000, and Enterprise offered $27,000, including costs of $2000, the parties still could not reach an agreement.

¶ 4. Following mediation, Enterprise's attorney, in a letter to Osman's attorney, again offered Osman $25,000, stating: "If you are willing to accept the $25,000 without additional motions, please contact me and I will have my client submit the check to your trust fund. If you are not willing to accept the $25,000, I will tender the amount to the court." Osman rejected the offer and Enterprise filed a motion to tender the $25,000 to the circuit court. Osman then moved for costs, attorney's fees, and interest.

¶ 5. At the September 5, 2000 status conference, counsel for Osman requested that the money be deposited directly to his trust account and that an order be issued providing that if the $25,000 were not paid by September 19, 2000, a judgment against Enterprise would be entered for that amount. Accordingly, the court entered an order providing, in part:

> 1. That the Defendant, Enterprise Rent-A-Car Company will pay Twenty Five Thousand Dollars ($25,000.00) to the Plaintiff on or before September 19, 2000; said payment is to be made in the form of a check to the trust account of Atty. Allen Silverstein.
>
> 2. That if the Defendant, Enterprise Rent-A-Car Company, fails to make payment as provided in paragraph 1, then, in that event, a judgement will be entered in favor of the Plaintiff and against the Defendant, Enterprise Rent-A-Car Company, in the amount of Twenty Five Thousand Dollars ($25,000.00).[3]

---

[3] The proceedings leading to this order were before Reserve Judge Raymond E. Gieringer. The order was entered on Sep-

(Footnote added.) The order also scheduled a hearing "on the issues of what costs the Plaintiff is entitled to, including but not limited to the issues of interest and double costs under [WIS. STAT. § 807.01], entitled Settlement Offers, and costs upon friv[o]llous claims and counterclaims under [WIS. STAT. § 814.025]." Enterprise complied with the order and paid the $25,000 by the September 19 deadline.

¶ 6. Following a hearing on Osman's motion for interest, costs, and attorney's fees, Osman's attorney submitted two proposed orders. Enterprise objected in a timely manner, but the circuit court had already signed the orders on March 20, 2001. One order required Enterprise to pay $8,060.66 in interest and double costs and $8,333.00 in attorney's fees; the other required Enterprise to pay an additional $11,167.00 in actual attorney's fees. The orders stated that if Enterprise failed to make the payments, judgment would be entered in favor of Osman and against Enterprise for those amounts. Enterprise moved for reconsideration in the circuit court and filed a notice of appeal in this court.

¶ 7. At a subsequent hearing, the circuit court, finding Enterprise's motion to be without merit, denied it but entered certain amendments: (1) "the court also relied upon 802.05 of the code in making its order and decision"; and (2) "for the period of time that the case was before the appellate courts, the court would not . . . allow the charging of interest." Following receipt of additional documentation from the parties, the circuit court then signed an order superceding the March 20, 2001 orders; it states that "the judgment in favor of . . .

---

tember 26, 2000, seven days after the September 19 deadline, and was signed by Judge Maxine A. White.

Osman and against... Enterprise... shall be" $19,500.00 in attorney's fees, $1,833.56 in interest, and $1,477.10 in costs.[4] Enterprise appeals from this September 28, 2001 order.[5]

## II. DISCUSSION

### A. Interest and Double Costs[6]

¶ 8.  Enterprise first challenges the circuit court's award of interest, under WIS. STAT. § 807.01(4), and double costs, under § 807.01(3), on the $25,000. Enterprise argues that, as a matter of law, because no judgment was entered in this case, such awards were not proper. Enterprise is correct.

■ .

¶ 9.  "Generally, [WIS. STAT.] § 807.01(3), together with § 807.01(4), provide that if a plaintiff recovers a judgment more favorable than a properly made offer of settlement which is not accepted within the prescribed time period, the plaintiff is entitled to double the amount of taxable costs and interest on the amount recovered from the date of the offer until the amount is paid." *Ritt v. Dental Care Assocs., S.C.*, 199 Wis. 2d 48, 75, 543 N.W.2d 852 (Ct. App. 1995). Whether a party is

---

[4] The $1,477.10 award for costs actually represents double costs.

[5] "An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." WIS. STAT. RULE 809.10(4) (1999–2000).

[6] Here, and throughout this opinion, in order to avoid the confusion engendered by many references in the case law, we write of "interest and double costs" rather than "double costs and interest." The costs alone, not the interest, are doubled.

597

entitled to interest and double costs requires application of these statutes and presents a question of law, which we review *de novo*. *Briggs v. Farmers Ins. Exch.*, 2000 WI App 40, ¶ 14, 233 Wis. 2d 163, 607 N.W.2d 670.

¶ 10. WISCONSIN STAT. § 807.01(3) (1999–2000)[7] provides, in part: "If the offer of settlement is not accepted *and the plaintiff recovers a more favorable judgment,* the plaintiff shall recover double the amount of the taxable costs." (Emphasis added.) WISCONSIN STAT. § 807.01(4) provides, in part:

> If there is an offer of settlement by a party under this section which is not accepted *and the party recovers a judgment* which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid.

(Emphasis added.) Enterprise argues that although its payment of $25,000 exceeded Osman's settlement offer, Osman never recovered a judgment and, therefore, the statutory interest and double costs could not be awarded. Enterprise is correct.

¶ 11. The September 26, 2000 circuit court document (providing that if Enterprise fails to pay the $25,000 by the September 19, 2000 deadline, a judgment "will be entered" in Osman's favor) is headed, "ORDER." This heading, however, does not control the categorization of the document as an "order" rather than a "judgment." That determination depends on the

---

[7] All references to the Wisconsin Statutes throughout the remainder of this opinion will refer to the 1999–2000 version unless otherwise indicated.

statutory definition of "judgment." *See Booth v. Am. States Ins. Co.*, 199 Wis. 2d 465, 471, 544 N.W.2d 921 (Ct. App. 1996).

■

¶ 12. WISCONSIN STAT. § 806.01(1)(a) provides: "A judgment is the determination of the action. It may be final or interlocutory."[8] A final judgment "disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." WIS. STAT. § 808.03(1). An interlocutory judgment disposes of all issues covered by a finding "substantially disposing of a claim on its merits, but leaving an account to be taken or a condition to be performed in order fully to determine the rights of the parties." WIS. STAT. § 806.01(2). Either a final or an interlocutory judgment requires that "a decision on the merits has been made." *Shuput v. Lauer*, 109 Wis. 2d 164, 170, 325 N.W.2d 321 (1982). In this case, because the circuit court did not make "a decision on the merits" after remand, *see id.*, its September 26, 2000 document does not constitute a judgment, and the award of statutory interest and double costs, therefore, was in error.

---

[8] WISCONSIN STAT. § 806.01(1)(b) provides that "[e]ach judgment shall specify the relief granted or other determination of the action, and the name and place of residence of each party to the action." WISCONSIN STAT. § 806.10(1), however, clarifies that if the judgment fails to state the place of residence of either the judgment debtor or the judgment creditor, the validity of the judgment is not affected by the absence of this information. Thus we reject Enterprise's argument that the September 26, 2000 document was not a "judgment" because of its failure to include the name and place of residence of each party.

## B. Attorney fees

¶ 13.   Enterprise next argues that the circuit court erred in awarding attorney's fees for its pursuit of what Osman deemed a frivolous defense under WIS. STAT. § 814.025.[9] We agree.

[9] The record reflects considerable confusion over whether the circuit court actually found any basis for concluding that Enterprise pursued a frivolous defense. At the March 5, 2001 motion hearing, the court commented, in part:

> One, I find that—that I am seriously troubled by the amount of time and the response by the defense as to the need for that aggressive defense having some basis in trying to defend by seeking more creditable facts from Mr. Phipps or having the opportunity to further question [Osman] and his credibility on certain dollar amounts, that that aggressive defense I find to be unfounded. However, on the issue of [Enterprise's] pursuit of the legal matter of whether or not the [$]40,000 precluded the financial responsibility clause to come into play, I find that the court action in this case could not support in my judgment the conclusion that that was an unreasonable, overly aggressive defense especially given the fact that [Enterprise] prevailed at the Circuit Court level on the summary judgment related to that particular issue.

> In this particular case and on this record as it relates to that standard, I do find that the record does not support your conclusion in your memorandum, and it does not provide clear and uncontroverted facts that this was an aggressive legal defense that had no reasonable basis in law.

> Therefore, on the issue of frivolity and the assertion of that in support of attorney fees under that standard, the court would find that you have not supported that legal test, and therefore, your motion is denied.

The court then went on to consider whether WIS. STAT. § 814.025 "provides any different relief on the issue of attorney fees." Osman's counsel then requested "actual attorney fees," and the court concluded that counsel was "entitled to reasonable attorney[] fees" resulting from Enterprise's "defense

600

¶ 14. WISCONSIN STAT. § 814.025(1) provides that reasonable attorney fees shall be awarded to the successful plaintiff when a defendant commences or con-

of this case under the guise of pursuing greater or more creditable facts," the "substantial delay caused by [Enterprise's] response to the offer to settle" in May 1998, and "the fact that the court had to finally under threat of judgment gain [Osman's] $25,000 in this case." The court then concluded that there was "strong support under Section 814.025 for [Osman's counsel's] claim for reasonable attorney fees," ordered that without further specification, and noted: "And what we need to do is figure out what that is. I'm not going to limit [Osman's counsel] to statutory fees. I think that would be unfair."

On June 25, 2001, the court reviewed Enterprise's motion for reconsideration. After Enterprise argued against frivolous-defense attorney fees, counsel for Osman stated that the court "never ruled [Enterprise's] defense was frivolous" but only ordered "attorney fees that are reasonable." Enterprise replied that "the court should not award any attorney fees if [counsel for Osman] agrees that the court never found our defense was frivolous." The court, commenting that "judges do not like to use [the term "frivolous"] when . . . weighing the conduct of lawyers personally in handling corporate affairs," elaborated that, under WIS. STAT. § 814.025, it was "appropriate to award attorney fees in a case of this type where the behavior and the handling of the case led to an exhausted [sic] delay in the manner that was described in the record of this case, and not based on any belief that the pursuit of evidence would result in anything that was also credible under the circumstances of this case." The court added:

> Under 814.025(4) of the code, it refers us to 802.05 which talks about the signing of pleadings, motions, and other papers and sanctions that could arise therefrom. The only thing that is missing from the [earlier hearing on Osman's counsel's motion for attorney fees] oral recitation is that this court adopted the rationale of 814.025, as it relates to . . . (4) [referring to WIS. STAT. § 802.05] for the finding that both attorney fees and under 807.01(3) and (4), double costs were also appropriate in this particular case.

601

tinues a defense that is found to be frivolous. Section 814.025(3)(b) provides that a defense is frivolous if "[t]he party or the party's attorney knew, or should have known, that the ... defense ... was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

¶ 15. Further, WIS. STAT. § 814.025(4) provides that "[t]o the extent" that WIS. STAT. § 802.05 "is applicable and differs from" § 814.025, § 802.05 applies. Section 802.05(1) provides, in part, that reasonable attorney fees may be included in a sanction for a pleading, motion, or other paper that is "used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

■■■■

¶ 16. A finding of frivolousness under WIS. STAT. § 814.025(3)(b) "is based on an objective standard, requiring a determination of whether the party or attorney knew or should have known that the position taken was frivolous as determined by what a reasonable attorney would have known or should have known under the same or similar circumstances." *Riley v. Lawson*, 210 Wis. 2d 478, 491, 565 N.W.2d 266 (Ct. App. 1997). The determination of what a reasonable attorney knew or should have known presents a question of fact, and we will uphold the circuit court's determination unless it is clearly erroneous. *Id*. Whether what was known or should have been known supports a finding of frivolousness, however, presents a question of law subject to our *de novo* review. *Id*.

---

So that the amendment that I would make of the findings and the order would be to add that the court also relied upon 802.05 of the code in making its order and decision in this case.

¶ 17.  Enterprise argues that, for numerous reasons, its defense of this case cannot be considered frivolous. Enterprise points to many specific evidentiary factors and legal theories supporting its potential defenses to Osman's claim. Enterprise also emphasizes that, at most, the time during which it allegedly pursued a frivolous defense was limited to the approximate six-month period between remand, which followed the supreme court's denial of its petition for review, and its offer to settle the case for $15,000. And Enterprise notes that, even during this period, it was continuing to investigate—trying to locate Phipps to learn his version of the accident, and trying to obtain information about Osman's circumstances and claim for loss of wages and earning capacity.

¶ 18.  On appeal, Osman offers little argument in response to Enterprise's contentions. While he maintains that "[i]t is clear" that counsel for Enterprise "obviously knew, and if not, certainly should have known, that there was no reason for them to pursue this outrageous defense" regarding Phipps' negligence, Osman offers nothing to suggest that it is ever unreasonable for an insurer to try to locate a co-defendant driver in order to investigate the circumstances of an accident. *See* WIS. STAT. RULE 809.19(1)(e) & (3)(a) (appellate arguments must be supported by authority).

¶ 19.  Moreover, Osman offers no argument countering any of Enterprise's other assertions. He does not even respond to Enterprise's substantial argument that, even assuming frivolousness, the attorney's fees of $19,500 were not supported by adequate documentation and, indeed, have little relation to the actual legal efforts in this case. *See Charolais Breeding Ranches,*

603

*Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments deemed admitted).

■

¶ 20.   Finally, searching for clarity in the circuit court hearings on interest, costs, and attorney fees, we see a hazy record. *See* ¶ 14 n.9, above. In those hearings, neither Osman nor the court specifically identified what, exactly, Enterprise's counsel knew or should have known about its possible defenses that "was without any reasonable basis in law or equity and could not be supported by a good faith argument," *see* WIS. STAT. § 814.025(3)(b), or what defense Enterprise's counsel pursued "for any improper purpose," *see* WIS. STAT. § 802.05(1).

*By the Court.*—Order reversed.