Ryan M. Tomsen, Plaintiff-Appellant,

Kristina Tomsen, Plaintiff,

State of Wisconsin Department of Health and
Family Services, Involuntary-Plaintiff,

v.

Secura Insurance and Jody L. Hayes, Defendants-
Respondents.†

Court of Appeals

*No. 03–0245–FT. Submitted on briefs May 5, 2003.—
Decided July 8, 2003.*

2003 WI App 187

(Also reported in 668 N.W.2d 794.)

† Petition to review denied 10-1-03.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Timothy J. Aiken* and *James C. Gallanis* of *Aiken & Scoptur, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Rick E. Hills* and *Michelle M. Stoeck* of *Hills Legal Group, Ltd.* of Waukesha.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Ryan Tomsen appeals an order denying him double costs and interest on a judgment

against Secura Insurance and Jody Hayes (Secura).[1] Tomsen was injured in an automobile accident Hayes caused in December 2001. In July 2002, Tomsen made a WIS. STAT. § 807.01 settlement offer for $200,000 to Hayes and her insurer, Secura. Secura did not accept the offer. After further discovery and a denial of Secura's request that Tomsen be found negligent as a matter of law, Secura made a § 807.01 settlement offer to Tomsen for $450,000 plus costs in December 2002. Tomsen accepted.

¶ 2. Tomsen then requested double costs under WIS. STAT. § 807.01(3) and interest under § 807.01(4). The trial court denied the motion because the judgment was entered based on a stipulation and did not reflect a "decision on the merits." We conclude the trial court incorrectly denied double costs and interest to Tomsen and therefore reverse the order.

¶ 3. WISCONSIN STAT. § 807.01(3) and (4) state:

**Settlement offers.**

. . . .

(3) After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

**(4)** If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04 (4) and 815.05 (8).

¶ 4. The parties disagree whether Tomsen recovered a "judgment" under these two sections. Although the interpretation and application of a statute is a question of law we review independently of the trial court, *Estate of Schneider*, 150 Wis. 2d 286, 289, 441 N.W.2d 335 (Ct. App. 1989), the parties' actual dispute is whether *Prosser v. Leuck*, 225 Wis. 2d 126, 592 N.W.2d 178 (1999), or *Osman v. Phipps*, 2002 WI App 170, 256 Wis. 2d 589, 649 N.W.2d 701, applies to the facts of the case. The parties each contend that one case applies to the exclusion of the other. While we determine that *Prosser* controls, we also conclude that both cases can be reconciled with the facts as presented.

¶ 5. Tomsen argues that *Prosser* is on point and, therefore, he is entitled to double costs and interest. In *Prosser*, Prosser made a WIS. STAT. § 807.01 settlement offer of $99,750 to resolve his property damage claim with the defendant's insurer. *Prosser*, 225 Wis. 2d at 133. After an unsuccessful coverage trial and appeal, the insurer offered to pay the policy's $100,000 limit, and the parties eventually stipulated to judgment in that amount. *Id.* at 134. However, the circuit court denied Prosser's request for double costs and interest under WIS. STAT. § 807.01(3) and (4). *Id.* at 135. The

supreme court determined he was entitled to both because the parties' stipulated judgment was greater than Prosser's offer of settlement. *Id.* at 143. Tomsen contends the situation here is similar: Secura did not accept his settlement offer of $200,000 and under the stipulated judgment he later recovered $450,000. Therefore, he contends, he is entitled to double costs and interest.

¶ 6. Secura argues that *Osman* controls. Osman was injured in an automobile accident while driving a rental car owned by Enterprise Rent-a-Car. *Osman*, 256 Wis. 2d 589, ¶ 2. Enterprise was self-insured for $25,000, the statutory minimum. *Id.* Osman offered to settle with Enterprise for $16,900, but Enterprise refused. *Id.*, ¶ 3. After mediation, Enterprise offered to settle for $25,000. *Id.*, ¶ 4. Osman rejected this offer and Enterprise filed a motion to tender the $25,000 to the circuit court. *Id.* Later, Osman's counsel requested the $25,000 be deposited into his trust account and the circuit court issued an order providing that if Enterprise failed to timely pay the $25,000, judgment in that amount would be entered against it. *Id.*, ¶ 5. Enterprise paid the $25,000 and, consequently, judgment was never entered. *See id.* The trial court eventually awarded double costs and interest. *Id.*, ¶ 6. We reversed because the trial court had never entered judgment. Rather, it entered an *order* providing that judgment *would be* entered if Enterprise failed to pay. *Id.*, ¶ 8.

¶ 7. In support of its argument that double costs and interest are inappropriate here, Secura points to our discussion in *Osman* of what constitutes a judgment. Particularly, Secura relies on our statement that "Either a final or an interlocutory judgment requires that 'a decision on the merits has been made.' " *Id.*, ¶ 12 (citing *Shuput v. Lauer*, 109 Wis. 2d 164, 170, 325

N.W.2d 321 (1982)). Secura contends that because the trial court in *Osman* never made "a decision on the merits," the document ordering Enterprise to pay was not a judgment. *Id.* Secura argues that *Osman* requires that a judgment must be one on the merits for a trial court to award double costs and interest under WIS. STAT. § 807.01(3) and (4) and this means that the case was "litigated and submitted for determination to the court," and must result in a verdict. Because the judgment here was pursuant to a stipulation, Secura contends it is not one on the merits, and therefore the trial court correctly denied Tomsen costs and interest.

¶ 8. We agree with Tomsen that *Prosser* controls. In *Prosser*, the supreme court determined that Prosser was entitled to costs and interest, and there judgment was entered on a stipulation. *Prosser*, 225 Wis. 2d at 143. Similarly, the parties here stipulated to the judgment, and it was greater than Tomsen's earlier settlement offer. While Secura correctly points out that the issue regarding costs and interest in *Prosser* was whether the judgment was "greater than or equal to" the settlement offer, rather than whether judgment was recovered, the supreme court nonetheless approved double costs and interest on a stipulated judgment greater than the plaintiff's earlier WIS. STAT. § 807.01 settlement offer. *Id.* at 144. Similarly, the parties here reached a stipulated judgment greater than Tomsen's earlier § 807.01 settlement offer. He is entitled to double costs and interest.

¶ 9. We are not persuaded by Secura's argument that a judgment on the merits must involve litigation and submission to the court and result in a verdict. A trial is not required to determine that the merits of the

claim have been litigated. *In re L.S.G.*, 170 Wis. 2d 231, 237–38, 487 N.W.2d 644 (Ct. App. 1992) (citing *Great Lakes Trucking Co. v. Black*, 165 Wis. 2d 162, 168–69, 477 N.W.2d 65 (Ct. App. 1991)). In addition, a stipulation may act as a final judgment. *Id.* In *L.S.G.*, a father sought to reopen a court's finding of paternity because it was based solely on his admission and, therefore, he claimed, not decided "on the merits." *Id.* at 237. We rejected his claim and concluded the paternity issue had been resolved on the merits, even though it was based solely on the father's admission. *Id.* at 238. Similarly, we conclude Tomsen and Secura's stipulated judgment resolves their dispute on the merits even though it did not result from litigation or a resolution of a disputed issue by the trial court.

¶ 10. The focus of *Osman* is that the trial court's action did not amount to a judgment. The court required that Enterprise pay $25,000 or have a judgment for that amount entered against it. *Osman*, 256 Wis. 2d 589, ¶ 5. That action by the court did not constitute a judgment, but was an order stating that if Enterprise failed to comply, judgment would be entered. Because Enterprise complied with the court's order, no judgment was entered, and Osman was not entitled to costs and interest under Wis. Stat. § 807.01(3) and (4). Here, however, the parties agreed to a judgment that was greater than Tomsen's earlier settlement offer. He is entitled to double costs and interest.

*By the Court.*—Order reversed.