Ronald W. Morters, Plaintiff-Appellant-Cross-Respondent,
v.
Aiken & Scoptur, S.C., Timothy J. Aiken, Paul J. Scoptur and Kelly L. Centofanti, Defendants-Respondents-Cross-Appellants.
No. 03-1437.
Court of Appeals of Wisconsin.
Opinion Filed March 16, 2004.
Before Wedemeyer, P.J., Fine and Curley, JJ.
¶1. PER CURIAM.
Ronald W. Morters appeals, pro se, from the trial court's grant of summary judgment in favor of Aiken & Scoptur, S.C., Timothy J. Aiken, Paul J. Scoptur, and Kelly L. Centofanti. Morters sued Aiken & Scoptur for legal malpractice and breach of contract after Aiken & Scoptur submitted his personal-injury claim to arbitration. He claims that the trial court erred when it concluded that his complaint was barred by the doctrine of claim preclusion.[1] We affirm.
¶2. Aiken & Scoptur cross-appeals from the trial court's denial of its motion for attorneys' fees and costs, and denial of its motion for reconsideration. The firm alleges that the trial court erred because Morters's claims were frivolous under Wis. Stat. § 814.025 (2001-02).[2] We agree and reverse and remand for a hearing on attorneys' fees and costs.

I.
¶3. This is the latest in a series of cases stemming from a car accident in which Ronald Morters, his wife, and his granddaughter were injured. Morters was originally represented by Attorney Charles H. Barr. In 1994, Morters fired Barr and retained the law firm of Aiken & Scoptur. Morters fired Aiken & Scoptur in 1995 because, he claimed, Aiken & Scoptur submitted the case to arbitration without his knowledge or consent. Morters then retained Attorney Willis J. Zick, who ultimately settled the case through arbitration. After the arbitration, Zick retained one-third of the settlement proceeds, pending an allocation of fees and expenses between counsel.
¶4. On August 29, 1997, the Honorable James R. Kieffer held an evidentiary hearing on Barr's and Aiken & Scoptur's request for an order allocating attorneys' fees and expenses. At the hearing, Judge Kieffer determined that the main issue, as relevant to this case, was whether Aiken & Scoptur had a valid, enforceable lien for attorneys' fees or whether Morters had fired the firm for cause. At the conclusion of the hearing, Judge Kieffer found that Morters had not fired Aiken & Scoptur for cause because Morters had agreed to arbitrate his personal-injury claim. He further determined that Barr and Aiken & Scoptur had valid fee agreements and entered an order granting Barr's law firm, Croen & Barr, and Aiken & Scoptur liens for one-third of the Morters' gross recovery.
¶5. Morters appealed, and we affirmed in an unpublished opinion. See Morters v. Kuenzli, Nos. 97-3054, 98-0589, unpublished slip op. (Wis. Ct. App. May 5, 1999). Morters appealed to the Wisconsin Supreme Court, which denied his petition for review. See Morters v. Kuenzli, 228 Wis. 2d 172-173, 602 N.W.2d 759 (1999). Morters then tried the United States Supreme Court, which denied his petition for a writ of certiorari. See Morters v. Croen & Barr, 528 U.S. 1046 (1999).
¶6. Morters subsequently filed a lawsuit against Barr for legal malpractice and breach of contract, claiming, among other things, that Barr's representation deprived him of a jury trial. When the claims against Barr were dismissed, Morters filed this action against Aiken & Scoptur for legal malpractice and breach of contract. He claimed that Aiken & Scoptur deprived him of a jury trial when it submitted his personal-injury claim to arbitration without his consent.
¶7. Aiken & Scoptur moved for summary judgment. The firm claimed, among other things, that Morters's action was barred by the doctrine of claim preclusion because Judge Kieffer had decided the same issue at the August 29 hearing, namely, that Aiken & Scoptur was not negligent in submitting Morters's personal-injury claim to arbitration because Morters had agreed to the arbitration submission.
¶8. Morters asserts that summary judgment was inappropriate in this case because he claims that there was an issue of fact as to whether he agreed to arbitrate his personal-injury claim. To support this contention, Morters submitted an affidavit to the trial court in which he claimed that Aiken & Scoptur "remov[ed] my case from being [sic] a jury trial and forc[ed] me into binding arbitration ... without my knowledge or consent." He further contends that it would be fundamentally unfair to apply the doctrine of claim preclusion because he did not have a full and fair opportunity to litigate his malpractice and breach-of-contract claims at the August 29 hearing.
¶9. As noted, the trial court granted Aiken & Scoptur's motion for summary judgment. In its written decision and order granting the motion, the trial court determined, however, that "it is clear that the issue of whether Plaintiff agreed to binding arbitration is an issue in dispute." Nonetheless, it concluded that summary judgment was warranted because Morters could not prove the last two elements of a legal malpractice claim-that Aiken & Scoptur's alleged malpractice caused Morters's alleged damages. See Lewandowski v. Continental Cas. Co., 88 Wis. 2d 271, 277, 276 N.W.2d 284, 287 (1979) (elements of legal malpractice claim). The trial court also concluded that Morters's allegations were precluded because "claims stemming from the arbitration award," including Morters's current claims, had been litigated in the Barr and Aiken & Scoptur proceedings.
¶10. After the trial court granted the motion for summary judgment, Aiken & Scoptur filed a motion for attorneys' fees and costs on the ground that Morters's claims were frivolous under Wis. Stat. § 814.025(3)(b). The trial court denied the motion, concluding that "although some of the plaintiff's arguments appear to be frivolous, the Court cannot conclude that the entirety of the case before this Court is frivolous." (Emphasis by trial court.)
¶11. Aiken & Scoptur filed a motion for reconsideration of the trial court's denial of the motion for fees and costs. The trial court denied the motion.

II.
¶12. Our review of the trial court's grant of summary judgment is de novo, and we apply the same standards as did the trial court. Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315-317, 401 N.W.2d 816, 820-821 (1987). First, we examine the pleadings to determine whether a proper claim for relief has been stated. Id., 136 Wis. 2d at 315, 401 N.W.2d at 820. If the complaint states a claim and the answer joins the issue, our inquiry then turns to whether any genuine issues of material fact exist. Id. Wisconsin Stat. Rule 802.08(2) sets forth the standard by which summary judgment motions are to be judged:
The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A. Claim Preclusion

¶13. Under the doctrine of claim preclusion, a final judgment or order is conclusive in all subsequent actions between the same parties or their privies as to all matters which were litigated or which might have been litigated in the former proceedings. Northern States Power Co. v. Bugher, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995). In order for the earlier proceedings to be a claim-preclusive bar in a subsequent action, the following three factors must be present: (1) identity between the parties or their privies in the prior and present suits; (2) identity between the causes of action in the two suits; and (3) prior litigation which resulted in a final judgment or order on the merits by a court with jurisdiction. Id., 189 Wis. 2d at 551, 525 N.W.2d at 728.
¶14. Morters concedes that the first two elements are met. Thus, the issue before us is whether the record of the August 29, 1997, hearing before Judge Kieffer resulted in a final determination on the merits by a court with jurisdiction. We conclude that it does. The record shows that at the August 29 hearing Judge Kieffer made specific factual findings on the issue of whether Morters agreed to submit his personal-injury claim to arbitration:
I conclude in this case that the entire aspects and the pros and cons and the advantages and disadvantages of arbitration were clearly advised or given to Mr. Morters and that there apparently were disputes regarding the apportionment of the negligence to Mr. Morters, but I am satisfied after weighing the testimony in this case that Mr. Morters communicated onto the Aiken & Scoptur firm that he wished to go ahead with arbitration, gave his consent to that, and now after the fact is saying that he did not so consent.
Additionally, I would point out for support in that position is Exhibit No. 5 which is actually part of Exhibit [No.] 6, and that's a handwritten note from Mr. Morters himself. It says as follows: "Arbitration  if you cannot get your first choice judge, which is underlined, I want Judge Zick to arbitrate. I was Plaintiff before him for fraud, and I was very impressed with his fairness and no B.S. manner. Attorney Scoptur said I could have him."
Now, Mr. Morters himself clearly says that this [] phrase[]," If you cannot get your first choice" could be interpreted in different fashions. One in the fashion identified by Mr. Morters is that Mr. Morters would still have a final say-so, that Mr. Morters was talking about in the future if you cannot get your ... first choice ... I then want Judge Zick. The Aiken & Scoptur firm says that he they interpreted this completely different, that this note from Mr. Morters himself was giving the Aiken & Scoptur firm the explicit approval to go ahead with arbitration as had been discussed with Mr. Morters prior to that time and that the first choice was in reference to Mr. Greene and that if that wasn't possible that Judge Zick would then be the choice of Mr. Morters to arbitrate. This is a clear example of Mr. Morters again having in his mind one thought process, though not communicating that on clearly to his attorneys of record, to the Aiken & Scoptur firm.
As far as this court is concerned, he was giving extremely mixed messages to counsel, at least mixed messages from himself, and in retrospect, I believe he was giving clear messages to the Aiken & Scoptur firm that he wanted them to go ahead with arbitration, and only after some thought and after the ink had dried on the actual orders approving of arbitration that he then said, "No, I don't want to go ahead with that."
....
I agree completely ... that this case was put together in a very neat, succinct package which could have resulted in more dollars coming their way than what had been originally offered to Mr. Barr and what [was] eventually offered and received by means of arbitration. That firm, the Aiken & Scoptur firm, did everything they could have done, thus in retrospect, when I look at the reasons that were given by Mr. Morters for allegedly discharging for cause the Aiken & Scoptur firm, I do not believe that it constitutes or is even elevated to the level of being for cause.
¶15. Morters contends that claim preclusion does not apply, however, because, as we have seen, the trial court here did not accept Judge Kieffer's findings as preclusive when, as phrased by Morters in his brief, it "ruled that there was a genuine dispute as to whether [Morters] had agreed to arbitrate." As noted earlier, however, we decide de novo a trial court's grant or denial of summary judgment, and we will affirm if, under the law, the trial court's bottom-line result is correct. State v. Marhal, 172 Wis. 2d 491, 494 n.2, 493 N.W.2d 758, 760 n.2 (Ct. App. 1992) (we must affirm the trial court when it reaches the right result even if it is for the wrong reason). As we have seen, Judge Kieffer determined that Morters agreed to arbitrate his personal-injury claim, and the order that Judge Kieffer entered as a result was affirmed on appeal. Morters may not relitigate that issue here.
¶16. Morters also argues that Judge Kieffer did not have personal jurisdiction over the attorneys who represented him, Timothy J. Aiken, Paul J. Scoptur, and Kelly L. Centofanti, because they were not named as individual parties to the fee hearing. This argument is without merit. As we have seen, Morters concedes that the individuals were in privity with or privies of the Aiken & Scoptur firm. That is all that is required. Northern States Power Co., 189 Wis. 2d at 551, 525 N.W.2d at 728; Pasko v. City of Milwaukee, 2002 WI 33, ¶18, 252 Wis. 2d 1, 643 N.W.2d 72.
¶17. Finally, Morters appears to argue that it would be unfair to apply claim preclusion because he has a constitutional right to a jury trial on his current claims against Aiken & Scoptur. We disagree. Claim preclusion may follow from a jury verdict, bench trial, or grant of summary judgment. DePratt v. West Bend Mut. Ins. Co., 113 Wis. 2d 306, 311, 334 N.W.2d 883, 885 (1983) ("[a] judgment on the merits may be entered without a trial"). The order entered by Judge Kieffer was appealed and affirmed. This precludes Morters's claims.

B. Frivolous Claim

¶18. A claim is frivolous under Wis. Stat. § 814.025(3)(b) if the party or party's attorney "knew, or should have known" that the claim was "without any reasonable basis in law or equity."
A finding of frivolousness under Wis. Stat. § 814.025(3)(b)" is based on an objective standard, requiring a determination of whether the party or attorney knew or should have known that the position taken was frivolous as determined by what a reasonable attorney would have known or should have known under the same or similar circumstances."
Osman v. Phipps, 2002 WI App 170, ¶16, 256 Wis. 2d 589, 649 N.W.2d 701 (quoted source omitted). "The application of the frivolous claims statute to the established facts is a question of law which we decide de novo." Blankenship v. Computers & Training, Inc., 158 Wis. 2d 702, 708, 462 N.W.2d 918, 920 (Ct. App. 1990).
¶19. Aiken & Scoptur contends that Morters and his attorney knew or should have known that there was no reasonable basis for the current claims because Judge Kieffer determined that Morters had consented to the arbitration. We agree. A reasonable litigant should have known that filing this claim against Aiken & Scoptur again was without any basis in law or fact. Accordingly, we reverse and remand for a hearing to determine Aiken & Scoptur's reasonable attorneys' fees and costs.
By the Court.  Judgment affirmed; order reversed and cause remanded with directions.
NOTES
[1] Morters also alleges that the trial court erred when it: (1) granted summary judgment because an issue of fact is in dispute as to whether he consented to arbitration; (2) concluded that his claims were barred by public policy considerations; and (3) concluded that his claims were barred by an arbitration award. Based on our conclusion that Morters's claims are barred by claim preclusion, we will not discuss the remaining issues. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); Skrupky v. Elbert, 189 Wis. 2d 31, 47, 526 N.W.2d 264, 270 (Ct. App. 1994) (if a decision on another point disposes of the appeal, we need not decide the other issues raised).
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.